In the Matter of the North American Gutta Percha Company.

---

## SUPREME COURT.

IN THE MATTER OF THE NORTH AMERICAN GUTTA PERCHA COMPANY, a dissolved corporation, on the petition of JOSEPH NOBLE and others.

Where a *sheriff* has made a levy upon property which subsequently comes into the hands of a *receiver*, it is for the sheriff to enforce such levy, and he is entitled to the possession of the property for that purpose. The receiver takes it subject to all existing equities and liens.

If the receiver has taken possession of the property thus levied on, and sold the same, he is bound to account to the sheriff for the proceeds.

*New-York General Term, May,* 1859.

THE petitioners, Joseph Noble, Barnabas Hammett, and Asa

In the Matter of The North American Gutta Percha Company.

Packer, recovered two judgments against "The North Ameri-
can Gutta Percha Company," a corporation created under the
laws of this state: one on the 13th day of August, 1858, for
the sum of $617.23, in the superior court of the city of New-
York, and the other on the 4th day of September, 1858, for
$613.75, in the supreme court.

These judgments were docketed in the county clerk's office,
of the city and county of New-York, previous to the 6th day
of September, 1858.

On the 6th day of September, 1858, an execution on each
of these judgments was issued and delivered to the sheriff of
the city and county of New-York.

On the 10th day of September, 1858, the sheriff, by his
deputy Cornell, by virtue of these executions, levied upon
property of the said corporation, in the store No. 144 Broad-
way, its place of business, sufficient to satisfy the executions;
that he notified the president of said corporation of the *levy*,
made a memorandum thereof on the executions, and left such
property in said store in care of the officers of said corpo-
ration.

On the 16th day of October, 1858, the corporation was dis-
solved, and Edward S. Innes appointed receiver by this court,
on the application of Bliss and Brown, judgment creditors
with an execution, returned unsatisfied. The receiver, on No-
vember 12th, 1858, took possession of the said store, No. 144
Broadway, and of the property so levied upon, by virtue of
such executions, and soon after sold such property, and has re-
ceived and now holds the proceeds to an amount more than
sufficient to pay the executions. Neither the petitioners nor
sheriff had any notice of the appointment of such receiver,
until after he had sold the property, when he declined to re-
cognize the rights of the petitioners.

The petitioners applied at special term, on notice to the re-
ceiver, for an order, that he pay the amount of their execu-
tions out of the proceeds of the sale by him, of the property
levied upon; that application was denied, and thereupon the
petitioners brought this appeal.

In the Matter of The North American Gutta Percha Company.

NELSON SMITH, *for petitioners.*

I. The levy made by deputy-sheriff Cornell was sufficient. The property levied upon was present, and subject to the control of the officer; and he then notified the president of the judgment debtor that he levied, and, thereupon, made a memorandum of such levy on the executions. Manual interference with the property was not necessary. (*Barker* agt. *Binninger*, 4 *Kern.* 270; *Green* agt. *Burke*, 23 *Wend.* 490.)

II. The levy gave the petitioners a vested right in the property levied upon, which could not be defeated or prejudiced by the appointment of the receiver. A receiver is the officer of the court (*Edwards on Receivers*, 3) appointed to receive and hold the thing in controversy for whoever can make out a title to it. (*Postman* agt. *Mills*, 8 *L. J.* (*N. S.*) *Ch.* 161; *Delaney* agt. *Mansfield*, 1 *Hogan*, 234.) He represents the interests of all concerned (*Iddings* agt. *Bruen*, 4 *Sand. Ch.* 417), and is in no case regarded as a purchaser for a valuable consideration. (*Receivers* agt. *Patterson Gas Light Company*, 3 *Zabr.* 283; *Matter of Hopper*, 5 *Paige*, 489.) He takes the property (in some respects like a general assignee), subject to all existing equities and liens. (*Corning* agt. *White*, 2 *Paige*, 567; *Leger* agt. *Bannoffe*, 2 *Barb.* 475; *Addison and others* agt. *Buckmyer and others*, 4 *Sand. Ch.* 498.) But his possession, being the possession of the *court itself*, will not be permitted to be disturbed without special leave. (*Brooks* agt. *Greathead*, 1 *Jac. & Walker*, 178; *Angel* agt. *Smith*, 9 *Ves.* 335.) Not even by a person having a superior right. (*Noe* agt. *Gibson*, 7 *Paige*, 513.)

III. The proper course for a third party, claiming a right to property in the possession of a receiver, is to apply to the court (*Angel* agt. *Smith*, 9 *Ves.* 335), when the court will examine and decide the matter, or refer it to a referee to hear and report thereon. The latter course is the more usual. (*Noe* agt. *Gibson*, 7 *Paige*, 513, 515; *Vincent* agt. *Parker*, 7 *Paige*, 65; *Dixon* agt. *Smith*, 1 *Swans.* 457; *Angel* agt. *Smith*, 9 *Ves.* 335; *Aston* agt. *Heron*, 2 *Myl. & K.* 390, 397; *Matter of Heller*, 3 *Paige*, 199.)

IV. The proceeds of the property in the hands of the receiver is a trust fund standing in the place of the property. (2 *Story's Eq.. Jur.* § 1210 ; *Taylors* agt. *Plumer*, 3 *M. & Selw.* 562, 574.)

V. This was an application invoking the equitable powers of *the court*, for relief in respect to property held by *its own officer*, and was properly made by the petitioners, without the presence of the sheriff.

1. The petitioners are the real parties in interest.

2. The sheriff has no direct interest in the object of the application. His fees on the executions do not give him an interest ; they are a mere incident; he could not sell the judgment debtor's property for them alone (*Jackson* agt. *Anderson*, 4 *Wend.* 479), but might look to the party or attorney. The only interest he had, if any, is merely auxiliary to that of the petitioners. It is true that at law (*Code*, § 113) he would be the proper party (first obtaining the leave of the court) to bring an action against the receiver to recover for the property levied upon, but upon a recovery being had, it would result to the benefit of the petitioners, and the receiver would be allowed to pay the amount out of the identical funds in his hands, sought to be reached herein. Again, the petitioners may work out their right to the relief they ask, in this wise ; the sheriff was bound to obey their instructions, and may be treated as their agent in making the levy (*Callon* agt. *Camp*, 1 *Wend.* 368; *Jackson* agt. *Anderson*, 4 *Wend.* 479, 480 ; *Willard's Equity Jur.* 604, 605, *and cases cited*), and the levy may be treated as a security held by the sheriff in trust, for their benefit, thereby letting in the doctrine that the creditor is entitled in equity to all securities held for his benefit or in aid of his claim. (*Pratt* agt. *Adams*, 7 *Paige*, 627 ; *Curtis* agt. *Tyler*, 9 *Paige*, 435.)

The order appealed from should be reversed, and the prayer of the petition granted, or in case the receiver desires to contest the claim further, a reference ordered to report the facts. (*Authorities to III Point.*)

ALBERT CARDOZO, *for receiver.*

In the Matter of The North American Gutta Percha Company.

By the court—DAVIES, Justice. A motion was made at the special term for an order upon the receiver, appointed on the dissolution of the above named corporation, to pay to the petitioners, Noble, Hammett and Packer, two judgments, recovered by them against the corporation. It appears from this petition, that such judgments were recovered and executions issued, and, as they allege, levies made, before the appointment of the receiver. They also allege that the receiver has taken possession of the property levied on, and sold the same, and has the proceeds in his hands.

This application was made by the plaintiffs in the judgments, without the sheriff joining therein, and on the denial of the receiver, that any such levy had been made, and an averment that the judgments had been collusively obtained, the judge at special term denied the motion without prejudice to the right of the sheriff to make any motion he may be advised. From this order an appeal has been taken.

There can be no doubt that the receiver took the property, subject to all existing equities and liens. Whatever liens were acquired on the property at the time of his appointment, may, by the permission of the court, be enforced, and no suit or proceeding can be instituted against the receiver, but by the permission of the court. (*Noe* agt. *Gibson*, 7 *Paige*, 513.) If the sheriff had made a levy on the property which subsequently came into the hands of the receiver, it is for him to enforce that levy. He is entitled to collect the money and apply it on the execution, if the levy was made. It is his duty so to do. If the officer of this court has taken possession of the property thus levied on, and sold the same, he is bound to account to the sheriff for the proceeds.

As the order appealed from is made without prejudice to the rights of the sheriff, to make such application to this court as he may be advised, we see no reason for disturbing it. The sheriff is the party entitled to the possession of the goods levied on by him, and, if by order of this court, and through its officer, these goods have been converted into money, it follows that the sheriff is entitled to such proceeds.

The order appealed from is affirmed, with costs.