# SUPREME COURT.

## James V. Rich `agt. William N. Loutrel.

Where, in an action between partners to dissolve and settle the partnership ac-
counts, a receiver is appointed, who takes possession of the partnership prop-
erty, which has been previously levied upon by the sheriff on executions
issued upon judgments obtained prior to the appointment of such receiver, the
receiver will be required to first pay the amount of such executions to the
sheriff, out of the property in his possession. (*This agrees with, and follows the
decision of the case In the Matter of the North American Gutta Percha Company,
17 How. 549; and is adverse to Rutter agt. Tallis, 5 Sand. 610.*)

*New - York Special Term, October,* 1859.
Motion to compel receiver to pay certain judgments.

Ingraham, Justice.   This action was between partners to
dissolve and settle a partnership.

On the 7th of May, 1859, a motion was made for a receiver
and an order of reference made to appoint a receiver.   On the
27th of May, the receiver was appointed by an order of the
court, and he took possession of the partnership effects.

On the 16th of May, 1859, McSpedon & Baker recovered a
judgment against the defendant for $204.80, and an execution
issued to the sheriff.

On the 14th of May, 1859, Smith and Peters recovered a
judgment against the same defendants for $140.56, and on
same day an execution was issued to the sheriff.   Under these
executions the sheriff levied on sufficient property to pay the
same.

On the 24th of June, McSpedon & Baker recovered another
judgment and issued execution to the sheriff.

After the appointment of the receiver, he took from the
sheriff the property on which he had levied under the order
of the court, and the plaintiffs in those actions now move for
an order directing the receiver to pay those judgments, in

which motion the sheriff unites.    Other judgments were after-
wards recovered as stated in the petition, but further reference
to them is not necessary.

The judgments recovered prior to the appointment of a re-
ceiver, and under which executions had been levied on the
defendant's property prior to that time, are entitled to be paid.
This point was expressly decided by the general term of this
district *In the Matter of The North American Gutta Percha Com-
pany* (17 *Howard*, 549).    Although, in that case, the order ap-
pealed from, denying the motion, was affirmed, on the ground
that the sheriff did not unite in the application, Mr. Justice
DAVIES, in delivering the opinion, distinctly states that the
judgment should be paid, and that the sheriff could make ap-
plication for an order to that effect.

A contrary opinion was expressed in *Rutter* agt. *Tallis* (5
*Sand.* 610), upon the ground that the title of the receiver re-
lated back to the date of the order of reference in analogy to
the former practice in the court of chancery.

I feel, however, controlled by the opinion expressed in the
case above referred to in this court, and also concur in that
decision.    The plaintiffs in those executions by the actual levy
obtained a priority of which they ought not to be deprived by
the appointment of a receiver in such an action.    If the pro-
ceeding had been taken by a prior creditor, another question
would be presented.    But in this action between the defend-
ants themselves, if the judgment-creditors could thus be de-
prived of their liens, the partners by collusion might defeat
such creditors and retain the proceeds of the property by at
any time discontinuing their action.    It was intimated in the
case in the superior court, that the court would not permit
such a suit to be discontinued.    But, by the rule of this court,
the action could be discontinued on filing the consent to dis-
continue, and no order of the court is necessary.

As regards the judgments recovered after the appointment
of the receiver was perfected, no lien was acquired by the issue
of the executions, and there is no reason to order their pay-
ment.    Those creditors must take other proceedings to com-

pel the proper application of the partnership property to the payment of the debts of the firm.

Motion granted, directing the receiver to pay to the sheriff the amount due on the several executions held by him and levied on the defendant's property, prior to the date of the receiver's appointment.