[No. 7,587.—In Bank.]

# WILLIAM VON ROUN v. THE SUPERIOR COURT OF SAN FRANCISCO.

RECEIVER — INSOLVENCY — JURISDICTION — CERTIORARI.— On the filing of the petition of an insolvent, the Court made the usual order directing the Sheriff to take charge of the estate, but afterwards and before the appointment of the assignee the Court appointed a receiver, to whom the Sheriff was directed to deliver the property of the petitioner in his hands. Upon the application of an attaching creditor (whose attachment had been put in the hands of the Sheriff prior to the filing of the petition) for a writ of certiorari:

*Held,* That the Court had jurisdiction to make the order.

ID.—ID.—*Held,* further, that the lien of the attachment was not affected by the appointment of a receiver, but if the applicants had any lien, the receiver held the property subject to such lien as fully as did the Sheriff, and that if the property was sold by the receiver the lien would attach to the proceeds.

APPLICATION for a writ of certiorari.

*John B. Wilkins,* for Plaintiff.

*A. D. Splivalo,* for Respondent.

The only question involved in this matter is, whether or not a Superior Court of this State has the power to appoint a receiver in proceedings in voluntary insolvency, after the petitioner has been adjudged an insolvent debtor according to the provisions of the Insolvent Act of 1880, and before an assignee has been appointed. There was nothing in the Bankrupt Law of the United States specially authorizing the appointment of a receiver, and yet in bankrupt proceedings receivers were appointed when necessary. (*Sedgwick* v. *Place,* 3 Blatch. 139.)

THORNTON, J.:

In this case, which is an application for a writ of review, the Court below appointed a Receiver to take charge of the effects of an insolvent. On the filing of the petition of the insolvent, the Court made the usual order under section six (6) of the act of April 16th, 1880, directing the Sheriff of the county to take possession of the estate of the petitioner and to keep the same safely until the appointment of the assignee.

The order appointing the Receiver was subsequently made, and by it the Sheriff was directed to deliver to the Receiver the property of the petitioner in his hands. The Court had full power to make this order under § 63 of the act referred to.

The question before us on this application is entirely one of power—of jurisdiction in the Court. If the order is one which the Court had power to make, it is not for us to inquire whether this power was properly exercised or not. The writ of review is not with us a writ of error.

It is said that there can not be two receivers. This does not mean that the Court can not appoint two persons as Receivers to act jointly, or that it can not take property out of the hands of one Receiver and place it in the hands of another. The order directing the Sheriff to hand over the property in his hands to the Receiver, in effect discharged the Sheriff as Receiver, regarding him as such.

When it is said there can not be two Receivers, the meaning is that there can not be two persons acting in that capacity, each of whom has the full power to act. This would produce an antagonism between them, and this no Court ought to bring about. But if it should occur, why should it be necessary to come to this Court for redress? It would hardly be presumed that the Court below would not at once apply the proper corrective. The Sheriff having been discharged from his duties as Receiver, regarding him as such, certainly the Court had power to appoint another. But the law does not regard him in that light; if it did, why enact the provisions of § 63?

It appears in the case that the order entered on the petition directing the Sheriff to take charge, etc., was made on the 8th of January, 1881, and that on the 4th of January, 1881, Von Roun and others had commenced an action against the insolvent, and had sued out an attachment which had been on the day last named levied on certain personal property of the insolvent, and that the Sheriff held this property so attached when the proceedings in insolvency were commenced, and when he was directed to turn over to the Receiver the property in his hands. It seems to be the impression of the counsel of the applicants for the writ, that they have a lien

acquired by virtue of the levy of the writ of attachment on the property seized, which will be lost if the property is turned over to the Receiver. This is an entire misapprehension of the law. The appointment of a Receiver works no injury to the least right of any one. It would be strange if it did. The Receiver is the hand of the law, and the law conserves and enforces rights—never destroys them. His appointment determines no right, and in no way affects the title of any party to the property in litigation. This was so determined in *Coburn* v. *Ames*, 52 Cal. 385; see also *Willink* v. *Morris Canal and Banking Company,* 3 Green Ch. 377; *Matter of Colvin,* 3 Md. Ch. Decisions, 278–302; *Chase's case,* 1 Bland, 206, 213; S. C., 17 Am. Dec. 277; *Beverley* v. *Brooke,* 4 Gratt. 187, 208; *Skip* v. *Harwood,* 3 Atk. 564; 2 Wait's Pr. 203. If the applicants have any lien, the Receiver holds the property subject to such lien, as fully as did the Sheriff; and if such property is sold by the Receiver, whatever lien exists attaches to the proceeds. (High on Receivers, § 138; *In re N. A. G. P. Co.,* 17 How. Pr. 549; *Hall* v. *Merrill,* 9 Abb. Pr. 121; *Rich* v. *Loutrel,* 18 How. Pr. 121.)

The application for the writ is denied.

SHARPSTEIN, J., McKINSTRY, J., and ROSS, J., concurred.