[Civ. No. 4790. First Appellate District, Division One.—December 21, 1923.]

WILLIAM LOCKE PADDON, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

[1] CERTIORARI—CONTEMPT—JURISDICTION.—On a proceeding in *certiorari* to review and annul an order directing the issuance of a warrant of attachment to answer for contempt, the single question involved is whether the lower court has exceeded its jurisdiction; and if it has not, this writ will not afford any avenue of relief, no matter how grievously it may have erred to the prejudice of petitioner either in matters of fact or of law.

[2] CONTEMPT—REFUSAL TO OBEY SUBPOENA—SUPPORTING AFFIDAVIT. Where, in response to a subpoena to appear and give his deposi-

---

1.   Disobedience of void order as contempt, note, 16 **L. R. A. (N. S.)** 1063.

tion before the trial judge, the defendant files an affidavit in which he admits that he was regularly served with the subpoena, but he states that the court has no jurisdiction to require his attendance for the purpose of taking his deposition and that he refuses to obey the subpoena, such action constitutes a contempt committed in the immediate presence of the court, requiring no supporting affidavit.

[3] ID.—VALIDITY OF SUBPOENA DUCES TECUM—REFUSAL OF WITNESS TO APPEAR.—Where the subpoena requires the defendant to appear and give his deposition and also requires him to produce certain books and he refuses to appear and testify at all, he is guilty of contempt, and he must purge himself of such contempt before he can be heard to rely upon the objection that the order requiring him to produce the books is void because the affidavit supporting such order makes no showing of materiality.

PROCEEDING in Certiorari to review and annul an order of the Superior Court of the City and County of San Francisco, Walter Perry Johnson, Judge, directing the issuance of a warrant of attachment to answer for contempt. Order affirmed and writ dismissed.

The facts are stated in the opinion of the court.

J. L. Smith for Petitioner.

Preston & Duncan and W. A. Andrews for Respondents.

ST. SURE, J.—This is a proceeding to review and annul an order of the Superior Court of the City and County of San Francisco directing the issuance of a warrant of attachment to answer for contempt in disobedience of a subpoena duly served.

Petitioner, together with several corporations, is defendant in two actions brought by his wife, Una Margaret Locke Paddon, to secure a divorce from him; also to set aside a certain property settlement agreement between the parties, and also to set aside certain alleged transfers of property to other defendants. Other defendants named are principally corporations of which, it is alleged, petitioner is the *alter ego*.

Petitioner alleges that he is a resident of Santa Cruz County, more than fifty miles distant from San Francisco; that on May 11, 1923, respondent judge, on affidavit of the

attorney for plaintiff in said action, issued an order for the taking of the deposition of petitioner before himself at 4 o'clock P. M., May 21, 1923, and directing the clerk of the court to issue a subpoena commanding petitioner to appear before respondent court and testify in said action, and also requiring petitioner to produce books, records, etc., of said defendant corporations; that the subpoena was issued and served on petitioner the same day (May 11th); that on May 21st, and prior to the time set for the taking of the deposition, petitioner, by his attorney, served on the attorneys for plaintiff and on the respondent judge an affidavit showing that his residence was not in San Francisco but at Palm Beach, Santa Cruz County, and thereupon petitioner declined to appear and testify in said cause; that thereafter and on the same day (May 21st), respondent judge made an order directing the clerk to issue an attachment directed to the sheriff of any county in the state, directing that petitioner be attached and brought before respondent court to answer for his contempt in not obeying said subpoena and in refusing to testify and give his deposition in said cause; that on August 10, 1923, after notice to plaintiff, petitioner moved to set aside the order of May 21st on the ground of lack of jurisdiction of the court to order petitioner's appearance and the taking of his deposition.

From statements contained in the affidavits filed in the lower court, and part of the record before us, we gather the atmosphere of the case. It appears from the affidavit of W. A. Andrews, one of the attorneys of record for Mrs. Locke Paddon, that defendant, William Locke Paddon, is a resident of the city and county of San Francisco; "that heretofore, on the 19th day of December, 1922, plaintiff duly gave notice of the taking of defendant Locke Paddon's deposition . . . and although subpoena issued forthwith upon the giving of said notice, yet, nevertheless, after due and diligent search and inquiry the said defendant witness was not found until the second day of January, 1923, and thereafter, and on the fourth day of January, 1923, when said witness was directed by the said subpoena to appear, the said witness did not appear, but on the contrary wholly failed to attend said deposition or to obey said subpoena in any way or manner whatsoever, on the

contrary disobeying said subpoena in every particular; that effort has been continuously made since the fourth day of January, 1923, to locate said defendant for the purpose of serving process upon him . . . ; that affiant is informed and believes, and therefore alleges the fact to be, that said defendant is now and has been continuously for a period of months last past, in hiding, and concealing himself for the purpose of avoiding the giving of a deposition.'' Under this affidavit the respondent court, on May 11, 1923, made the order for the subpoena in question here, which subpoena was issued and served upon the petitioner in the city and county of San Francisco on said eleventh day of May. Upon the hearing to set aside the order of May 21st, petitioner filed five affidavits, two by himself, one each by his two brothers, and one by J. L. Smith, his attorney, each affiant stating upon oath that petitioner is a resident of Santa Cruz County. Mrs. Locke Paddon filed a ''reply affidavit,'' in which she sets forth in detail the abodes of her husband in numerous hotels and apartment houses in San Francisco at various times during the past seven years. She also states that petitioner at one time adopted an *alias* for the purpose of concealing and hiding his identity so as to avoid the service of process upon him by the court; that on or about the tenth day of June, 1923, he ''left the jurisdiction of this court and departed from the State of California to a foreign country, to wit, the province of British Columbia, Dominion of Canada, and ever since continued and now continues to remain away from the State of California and from the jurisdiction of this court, with the intent and purpose to avoid the service upon him of any and all orders or processes of this court.'' Mrs. Locke Paddon further states that her husband, petitioner herein, is the equitable owner and holder of all capital stock, and all the property and assets of the said defendant corporations. There are further similar allegations, all of which, of course, are denied by petitioner.

Upon said hearing, regularly had, respondent court denied the motion to set aside the order of May 21st upon which the attachment was issued, and said order is still in full force and effect.

Petitioner contends that the order in question is void because it seeks to compel him to give his deposition more

than fifty miles from his place of residence, contrary to section 1989 of the Code of Civil Procedure. He asserts that the evidence contained in the affidavits presented at the hearing sustain such contention.

[1] Nothing is better understood than that on this proceeding the single question involved is whether the lower court has exceeded its jurisdiction. If it has not, no matter how grievously it may have erred to the prejudice of the petitioner either in matters of fact or in matters of law, this writ will not afford an avenue of relief. (*White* v. *Superior Court*, 110 Cal. 60, 64 [42 Pac. 480], and cases cited therein.) If the order is one which the court had power to make, it is not for us to inquire whether its power was properly exercised or not. The writ of review is not a writ of error. (*Van Roun* v. *Superior Court*, 58 Cal. 358.) However, we may say in passing that the issue upon the question of petitioner's residence appears to have been determined by the respondent court upon conflicting evidence, when it denied the motion to set aside the order of May 21st and quash the attachment issued thereunder. The question was one of fact, and we are bound by the finding of the respondent court in that regard.

[2] Petitioner further contends that the order for attachment is void on its face. He calls our attention to section 1211 of the Code of Civil Procedure, providing that where a contempt is not committed in the immediate presence of the court, an affidavit must be presented to the court or judge of the facts constituting the contempt. The section also provides that "when a contempt is committed in the immediate view and presence of the court, or judge at chambers, he may be punished summarily."

Section 1209, paragraph 10, of the Code of Civil Procedure, in its enumeration of the acts which are contempts, includes "disobedience of a subpoena duly served." Section 1991 of the Code of Civil Procedure provides that disobedience to a subpoena may be punished as a contempt by the court issuing the subpoena. In his affidavit, filed on the date set by respondent judge for the taking of petitioner's deposition before said judge, petitioner admits that on the eleventh day of May, 1923, he was served with a subpoena to appear before the respondent court on the twenty-first day of May, 1923, for the purpose of giving his deposition

in said action in which he was a defendant. In his affidavit petitioner further said that the court had no jurisdiction to require his attendance for the purpose of taking his deposition because he came within the provisions of section 1989 of the Code of Civil Procedure, relating to the attendance of witnesses outside of the county of residence, and he further said: "He declines to submit himself for the taking of said deposition." Petitioner thus placed himself in contempt. Thereupon respondent court made its order of May 21st stating the facts, and directing an attachment to issue "directing that said William Locke Paddon be attached and brought before this court to answer for his contempt in not obeying said subpoena," etc. Upon this order an "attachment for disobeying subpoena" was issued. Such procedure was proper. In his said affidavit presented to the court, petitioner stated that he refused to obey the subpoena. This was a contempt committed in the presence of the court requiring no supporting affidavit. (*Lamberson* v. *Superior Court,* 151 Cal. 458, 461 [11 L. R. A. (N. S.) 619, 91 Pac. 100].) The procedure followed in the case last cited was similar to that adopted by respondent Superior Court herein. The supreme court, at page 461 of the opinion in *Lamberson* v. *Superior Court,* says: "The court could have proceeded upon it summarily, or by citation to show cause—the course here attempted, and could have allowed a showing in defense, extenuation, or mitigation. While conceding to the legislature the fullest power in the matter of contempt to lay down rules of procedure, we repeat what was said in *In re Shortridge,* 99 Cal. 526 [37 Am. St. Rep. 78, 34 Pac. 227] : 'No authority has been found which denies the inherent right of a court, in the absence of a limitation placed upon it by the power which created it, to punish as a contempt an act—whether committed in or out of its presence—which tends to impede, embarrass or obstruct the court in the discharge of its duties. It is a doctrine which is admitted in all its rigor by American courts everywhere. . . . It is founded upon the principle—which is coeval with the existence of the courts and as necessary as the right of self-protection—that it is a necessary incident to the execution of the powers conferred upon the court, and is necessary to maintain its dignity, if not its very existence. It exists independent of statute. The

legislative department may regulate the procedure and enlarge the power, but it cannot, without trenching upon the constitutional powers of the court . . . fetter the power itself.' ''

[3] The further contention is made that the contempt proceeding must fall because the *subpoena duces tecum* is void. It is argued that the affidavit upon which the order for taking the deposition is based makes no showing of materiality. Section 1985 of the Code of Civil Procedure is as follows: "The process by which the attendance of a witness is required is a subpoena. It is a writ or order directed to a person and requiring his attendance at a particular time and place to testify as a witness. It may also require him to bring with him any books, documents or other things under his control which he is bound by law to produce in evidence." It will be noted that the section unequivocally provides that a person may be required to appear and testify as a witness. Then follows an additional provision that the subpoena may also require the person to bring with him any books, documents, etc. The two propositions are severable. It may well be that a court has no power to order the production of books and papers by one party to be used as evidence for the other party without an affirmative showing that they contain evidence that is competent and material to the cause of action or defense of the party requiring them (5 Cal. Jur., "Contempt," sec. 17), but here it appears the petitioner *refused to appear and testify at all.* He must purge himself of this contempt before he can be heard to rely upon a secondary proposition. (*Weeks v. Superior Court,* 187 Cal. 620 [203 Pac. 93].)

We are of the opinion that the proceedings had in the court below, in the action entitled *Una Margaret Locke Paddon, Plaintiff,* v. *William Locke Paddon et als., Defendants,* which said action is numbered 130,600 in the office of the county clerk of the city and county of San Francisco, state of California, are proper and should be affirmed. It is so ordered, and the writ is dismissed.

Tyler, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 19, 1924, and an applica-

tion by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 18, 1924.

All the Justices concurred.