[Civ. No. 5368. First Appellate District, Division One.—July 14, 1925.]

## W. L. PADDON, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, et al., Respondents.

[1] CONTEMPT—JUDGMENT—COMMITMENT—CERTIORARI.—The claim that a judgment of contempt is void on its face, as it does not state or recite the facts constituting the contempt, cannot be sustained on *certiorari*, where the judgment of commitment, which is not made a part of the record, contains a full résumé of the facts and recites that the petitioner was adjudged guilty of a contempt of court committed in its immediate presence on a given date, and that the matter was, with the consent of the petitioner, duly continued from time to time until a later date, for the purpose of sentence, at which time petitioner was ordered imprisoned, by reason of his duly adjudged contempt of court, in the county jail for a period of five days.

(1) 13 C. J., p. 81, n. 56.

PROCEEDING in Certiorari to review an order of the Superior Court of the City and County of San Francisco of commitment for contempt of court. Walter Perry Johnson, Judge. Writ denied.

The facts are stated in the opinion of the court.

J. L. Smith for Petitioner.

C. A. Linn for Respondents.

THE COURT.—It appears from the petition that William Locke Paddon was, on the fifth day of September, 1924, ad-

1. See 5 Cal. Jur. 950.

judged guilty of contempt of court for having failed and neglected to obey a certain subpoena issued out of the superior court, in and for the city and county of San Francisco, state of California. (See *Paddon* v. *Superior Court,* 65 Cal. App. 34 [223 Pac. 91].)

The petition herein further recites that no penalty was imposed for such contempt until the tenth day of July, 1925, when the superior court ordered petitioner to be imprisoned in the county jail for a period of five days. **[1]** It is here claimed that the judgment of contempt is void on its face, as it does not state or recite the facts constituting the contempt.

The judgment of commitment, however, which is not made a part of the record contains a full résumé of the facts and recites that petitioner was adjudged guilty of a contempt of said court committed in its immediate presence on the twenty-first day of May, 1923, and that the matter was, with the consent of petitioner, duly continued from time to time until the tenth day of July, 1925, for the purpose of sentence, at which time petitioner was ordered imprisoned, by the reason of his duly adjudged contempt of court, in the county jail of the city and county of San Francisco for a period of five days.

Under these circumstances it cannot be said that the judgment and commitment are void.

The writ is denied.