Per Curiam.

Without going into any examination of the defendant’s pleas, we are compelled to decide this demurrer against the plaintiff. By the course of pleading adopted by himself, he has enabled the defendant to avoid a justification of the matter set up by him as a defence to the action, and go back to defects in the declaration. Upon a general demurrer, the rule is familiar, that the judgment must be against the party who commits the first fault, and here the plaintiff is in that predicament. He has not set forth enough to enable the court to judge whether the defendant was bound to appear at the trial. True it is, there is an allegation that the defendant was legally subpoenaed, but that is not sufficient. The plaintiff’s attorney is not to be the judge of that, but he is to set forth all the facts of the case, that the court may judge of their effect. The declaration must have sufficient "certainty upon its face to enable us to know what has been done. Facts are to be stated, not inferences or matters of law; and the party succeeds upon facts alleged and proved.
Now in order to convict this defendant, the plaintiff must prove at the trial, that a subpoena was exhibited to the witness under the seal of the court; that a copy thereof v/as served upon him, and that he was tendered such fees as the law allows to him. These facts are not all to be embraced in one conclusion by the pleader; *325 for if they were stated, the defendant has a right to deny and form an issue upon them, But we give judgment against the plaintiff upon this point alone, namely, that the declaration contains no averment that the fees of the witness were paid or tendered to him. This must be expressly averred in the count, and proved at the tria;, in order to convict the defendant. The case cited from Douglas, sustains this position, and does not aid the plaintiff. But we were referred to a precedent in Brown’s Entries. Upon looking at that precedent, we find that the averment is there expressly made, and there must be judgment for the defendant on the demu? rer. But the plaintiff may amend his declaration on payment of costs.
Judgment for the defendant on the demurrer.
[D. Graham, Jr. Att’y for the plff. J. R. Whiting, Att’y for the deft.]