COURTNEY and wife *vs.* BAKER.

</div>

In an action for the penalty given by 2 *R. S.* 400, § 43, to the aggrieved party against a witness for not attending court pursuant to a subpœna, it must appear, to enable the plaintiff to recover, that the witness was material, and that damages resulted from his non-attendance.

Accordingly, when the defendant in such an action, offered to show that the plaintiff had admitted that the defendant knew nothing about the matters in controversy in the suit in which he was subpœnaed; *held,* that the evidence was admissible.

A party who causes a witness to be subpœnaed who is known to him not to be material, for the purpose of annoyance, is guilty of a contempt of the court whose process is used. *Per* BEARDSLEY, J.

Courtney v. Baker.

The omission to pay the witness his fees, is a "reasonable excuse" for non-attend‑
ance which will protect him from liability for the penalty.

Accordingly where a witness on being subpœnaed and paid for one day's attendance,
attended on the day named in the subpœna, and then applied to the party by
whom he was subpœnaed, for a further payment of fees which was refused, upon
which the witness left court, and the cause was tried in his absence; *held*, that
the penalty was not incurred.

Authorities relating to the various remedies against a defaulting witness referred to.
*Per* BEARDSLEY, J.

ERROR to the mayor's court of the city of Albany. The
cause came into the mayor's court upon appeal from a judgment
rendered by a justice of the peace.   The action was brought by
Baker against Courtney and wife, to recover the penalty of fifty
dollars alleged to have been forfeited to the plaintiff by the stat-
ute, (2 *R. S.* 400, § 43,) for the failure of the defendant, Mrs.
Courtney, to attend court as a witness, pursuant to a subpœna
served upon her in a suit in this court in which Baker was the
plaintiff and one *Wilkins* was defendant, which was noticed for
trial at the Albany circuit in April, 1845.   The plea was the
general issue.   The plaintiff proved that Mrs. C. who resided in
Albany, was served with a subpœna in that cause to appear at
the circuit on the fifteenth day of April, 1845; that the cause
was tried on the 23d day of the same month, the witness not
being present, and the plaintiff was nonsuited.   Mrs. C. was
called as a witness on that day, but not appearing her default
was entered.   At the time of serving the subpœna, which was
on the 9th day of April, the plaintiff paid Mrs. C. fifty cents as
witness' fees, which she received, but intimated that she should
not attend.

The defendants' counsel offered to prove that Mrs. C. attended
the court on the fifteenth day of April, and for three or four days
thereafter; that her husband then requested the plaintiff to pay
her fees, adding that if he did not do so she would not attend fur-
ther; but he refused to make any further payment.   He also
offered to shew that when the plaintiff subpœnaed Mrs. C. she
told him she knew nothing about the matter, and that the plain
tiff replied, "I know that, but you have been talking about me
and I shall attend court."   The whole of the evidence so offered

Courtney *v.* Baker.

was objected to by the plaintiff's counsel and excluded by the court and the defendants' counsel excepted. The court directed the jury, *if they believed the evidence, to find a verdict for the plaintiff for the penalty of fifty dollars,* and the jury found accordingly, and judgment was thereupon rendered for the plaintiff.

*S. H. Hammond,* for the plaintiffs in error.

*J. Percy,* for the defendant in error.

*By the Court,* BEARDSLEY, J. By the act of 1840 the fees of a witness are " fifty cents for each day while attending any court or officer ; and if the witness resides more than three miles from the place of attendance, travelling fees at the rate of four cents per mile, going and returning." (*Laws* 1840, *p.* 331, § 8.) A witness is not bound, in any case, to attend unless duly subpœnaed, for which purpose the statute declares, amongst other things, that " the fees allowed by law to such witness for travelling to and returning from the place where he is required to attend, and the fees allowed for one day's attendance, shall be paid or tendered to such witness." (2 *R. S.* 400, § 42, *sub.* 3.) If the witness, when duly subpœnaed, refuse or neglect to attend, he is responsible to the aggrieved party for all damages, and may be proceeded against in various ways.

1. By action on the case at common law. It is the duty of the witness to obey the subpœna, and in this action, the injured party may recover such damages as result from this violation of duty by the witness. (1 *Ch. Pl.* 159, *7th Amer. ed.* ; 1 *Stark. Ev.* 80, *Phil. ed.* 1842 ; 1 *Phil. Ev.* 7 ; *Hasbrouck* v. *Baker,* 10 *John.* 248 ; *Pearson* v. *Iles, Doug.* 561.) This remedy is recognized by the statute, which, so far, is in affirmance of the common law. (2 *R. S.* 400, § 43. *See also* 5 *Eliz. c.* 9, § 12, *in Doug.* 556, *and* 1 *Phil. Ev.* 3.)

2. By attachment, and this at common law as well as by the statutes last referred to. (*See also* 2 *R. S.* 535 ; *and* 540, § 34 ; *Pearson* v. *Iles, supra ; Amey* v. *Long,* 9 *East* 483 ; 1 *Phil Ev.* 7 ; 2 *Tidd's Pr.* 8, *8th Phil. ed.* 1840.)

3. By an action for the penalty of fifty dollars. The revised statutes declare that "every person who shall be duly subpœnaed to attend as a witness" "shall be bound to attend, according to the command of such subpœna, and for every failure so to attend, without a reasonable excuse," "shall forfeit to the aggrieved party the sum of fifty dollars." (§ 43, *supra.*) The English statute of 5 Eliz. already referred to, is to the same effect; it imposes a penalty of ten pounds on any witness who makes default and refuses to appear, "having not a lawful or reasonable let or impediment to the contrary," the said penalty "to be recovered by the party so grieved."

This penalty is given to the "*aggrieved party*," and the action can be sustained by no one else. Hence, as in an action on the case at common law for disobeying a subpœna, the plaintiff can only recover the penalty by showing he was damnified by the lache of the witness; if no loss followed, the penalty was not incurred. A party does not acquire a right to this penalty by the mere refusal of a witness to attend when duly subpœnaed. Something more is required: it must be shown that the witness was material, and that damages resulted from his non-attendance. In *Goodwin* v. *West*, which was an action on the statute of 5 Eliz. to recover the penalty of ten pounds, it was moved in arrest of judgment that the declaration was not good, and the third exception taken by counsel was, that the plaintiff did not show that he was endamaged by the non-appearance of the witness; to which it was "answered, that the action being brought only for the ten pounds and not for further damages, it is well enough, and the ten pounds is due for her non-appearance to the king and the party. *But all the justices* held, that the declaration was ill for this cause; for there ought to be a party grieved by the non-appearance, otherwise there is no cause of forfeiture; and so is the express scope and words of the statute." (*In B. R.* 15 *Car.* 1, *Cro. Car.* 522, 540, *Sir Wm. Jones*, 430.) The same point was adjudged in the common pleas, which judgment was affirmed on writ of error, in the case of *Madison* v. *Shore*, 9 Wm. 3, though this was admitted to be "contrary to a judgment in the like case, *anno* 30 Eliz. where the like exception

was taken and overruled." (5 *Mod.* 355; 1 *Salk.* 206; 1 *Comb.* 449, 458. *See also* 3 *Bac. Ab. Evidence D.; Pearson* v. *Iles, supra; Heermans* v. *Williams,* 11 *Wend.* 636; *McKeon* v. *Lane,* 1 *Hall,* 319; *Masterman* v. *Judson,* 8 *Bing.* 224.) A precedent for a declaration for the penalty on 5 Eliz. is given in 7 *Wentworth's Pl.* 243 It alleges that the evidence the witness could have given, would have been material, and that it was necessary for the party. The declaration in *Pearson* v. *Iles,* (*supra,*) contains a similar averment. I regard the principle as sound and entirely settled by authority.

If a defaulting witness was wholly unable to give material evidence in the case, it is manifest that no injury could have arisen from his non-attendance, and consequently he could not have incurred the penalty. In this case, the defendants offered to prove a direct and unqualified admission by the plaintiff, that he was aware the witness knew nothing about the matter in question in the cause wherein she had been subpœnaed, followed by a declaration that she had been talking about him, and therefore should attend the court. This evidence was pertinent to the issue, and should not have been rejected. It would have tended to prove that the witness was in no respect material to the plaintiff, and might have satisfied the jury that he had sustained no injury by her non-attendance. This was an essential point in the case, and the court clearly erred in excluding the evidence. I will add, that if, in truth, the witness was subpœnaed for the purpose of annoyance, and not because she was regarded as material, it was a gross abuse of the process of the court, and as such deserved to be punished as a palpable contempt of its authority.

But this is not all, for no forfeiture occurs unless the failure of the witness to attend is " without a reasonable excuse." (§ 43, *supra.*) Now let it be granted, which is all the plaintiff could claim, that but for what I am about to state, the witness would have been bound to attend the court from the fifteenth of April, the day named in the subpœna, to the twenty-third, when the cause was tried. The witness had been paid for one day's attendance and no more, and it was offered, by the defendants, to

prove that she attended on the fifteenth, as the subpœna required, and for three or four days thereafter; that the plaintiff was then called upon to pay her fees, and was informed that she would not remain at court unless they were paid, and that he refused to make any further payment. This evidence the plaintiff objected to, and it was excluded by the court. Upon what principle it was rejected, I confess I do not see. If such was the fact, the plaintiff alone was in fault, and the witness had a most " reasonable excuse" for leaving the court. She was entitled to the daily sum of fifty cents, and it was the plaintiff's duty to see it paid to her. The witness was not bound to trust the party, and rely on him for future payment. The allowance to witnesses is for their daily sustenance, and a refusal to pay is a virtual discharge of the witness, and a very sufficient excuse for omitting further attendance in the cause. If this plaintiff was thus endamaged, it was his own fault, and he must bear the consequences whatever they may be. No right of action could accrue in his favor under such circumstances, and no penalty was incurred by the witness. A party who would seek redress against a witness, must see that he is not himself in fault, and that every thing has been done which the witness had a right to exact.

The court erred in rejecting the evidence offered on these points, and the judgment must be reversed.

*Judgment reversed.*