ROBERT A. CARRINGTON, APPELLANT, *v.* JOHN HUTSON, RESPONDENT.

*Witness — penalty for a failure to attend a trial — damages resulting from his non-attendance must be shown — Code of Civil Procedure, sec. 853.*

In an action to recover the penalty given by the statute, from a witness who has failed to attend a trial, the plaintiff must show that the witness was material and that damages resulted from his non-attendance.
There is nothing in section 853 of the Code of Civil Procedure to change this rule.

APPEAL from an order made at a Special Term, denying a motion for a new trial, and dismissing the complaint herein, with costs, and also from the judgment entered in pursuance of the said order.

The action was brought to recover the statutory penalty for

disobeying a *duces tecum* clause in a subpœna served upon the defendant.

July 21, 1877, one Ira Carrington recovered a judgment against Henry J. Sitterly and William H. Williams, upon which proceedings supplementary to execution were instituted, and the judgment-debtors required to appear before a referee and answer concerning their property. The defendant in this action was duly subpœnaed to appear before the referee and produce a bill of sale of the property from Sitterly and Williams to Hutson Brothers, and all letters and writings relating to the bill of sale. Ira Carrington assigned the claim for damages against the defendant to this plaintiff. The complaint alleges that the defendant appeared and testified before the referee, but failed to produce the bill of sale. It appeared by the plaintiff's opening that the defendant was examined before the referee in regard to the transaction described by the bill of sale, and that no adjournment was had or applied for by reason of the non-production of the bill of sale, and that a receiver was subsequently appointed in the proceedings. It is not alleged in the complaint, nor was it claimed in the opening, that the plaintiff's assignor incurred any expense by reason of the failure to produce the bill of sale, nor is it alleged or claimed in the opening that the production of the bill of sale before the referee would have enabled the plaintiff's assignor to have established any right, or would have entitled him to any remedy other or different from the right established and remedy obtained in the proceedings. Upon the complaint and opening the complaint was dismissed upon the defendant's motion.

*R. A. Carrington*, for the appellant.

*Abram C. Crosby*, for the respondent.

BY THE COURT:

It was decided in *Courtney* v. *Baker* (3 Den., 27,) that in an action for the statutory penalty against a witness who had failed to attend, the plaintiff must show that the witness was material and that damages resulted from his non-attendance. That is, a sound construction of the law. There is no reason why a plaintiff should recover this penalty, unless he was aggrieved; that is, unless the

absence of the witness caused some injury. There is nothing in the Code Civil Procedure (§ 853) to change this rule of law.

The judgment should be affirmed, with costs.

Present — LEARNED, P. J., BOCKES and WESTBROOK, JJ.

Judgment and order affirmed, with costs.