GEORGE LEZINSKY ET AL., PETITIONERS, *v.* SUPERIOR COURT OF CONTRA COSTA COUNTY, RESPONDENT.

CONTEMPT — DEPOSITION BEFORE NOTARY PUBLIC — REFUSAL TO OBEY SUBPŒNA. — The Superior Court in which an action is pending has no power under sections 1986 and 1991 of the Code of Civil Procedure to punish a person for contempt because he has refused to obey a subpœna issued by a notary public, before whom his deposition was to have been taken.

APPLICATION for a writ of review. The facts are stated in the opinion of the court.

*George Lezinsky,* for Petitioners.

*Charles F. Hanlon,* for Respondent.

McFARLAND, J. — Proceedings on *certiorari* to review the orders of the Superior Court in and for the county of Contra Costa, adjudging the petitioners, Lezinsky and Mason, guilty of contempt of said court, and punishing them therefor by fine. The facts are these: In a certain action pending in said Superior Court, the plaintiff therein served a notice upon the defendants therein that the deposition of the petitioner John Mason would be taken at a certain time and place before a certain notary public. The notary issued a subpœna requiring said Mason to appear before him at said time and place, and depose and testify as a witness. This subpœna of the notary was served on Mason, who appeared at the time and place mentioned; but upon the advice of the other

petitioner, Lezinsky, who is an attorney at law, and was attorney for an intervenor in the action, and who contended that plaintiff in said action had no right to proceed with it or to take testimony therein, Mason refused to testify or to be sworn. The notary certified these facts to the Superior Court, whereupon the court adjudged both of the petitioners guilty of contempt,—one for refusing to testify before the notary, and the other for advising him to refuse,—and imposed a fine upon each. And the question to be determine is, Was such action beyond the jurisdiction of the court?

Proceedings in contempt, being in their nature arbitrary, can be upheld only in a case which comes within "the provisions of the law by which such proceedings are authorized; for mere presumptions and intendments are not to be indulged in their support." (*Batchelder* v. *Moore*, 42 Cal. 414.) And we are not able to find any "provisions of the law" which authorize a Superior Court to punish a person for contempt because he has refused to obey a subpœna issued by a notary public, before whom his deposition was to have been taken upon notice.

In such a case, there is certainly no actual contempt of the court, because the party has committed no act in the presence of the court, nor has he, without the presence of the court, disobeyed any of its judgments, orders, or processes. Section 1986, Code of Civil Proceedure, provides that when a subpœna is issued to require attendance "before a court," it must be under the seal of the court; and that when the attendance is to be "out of court, before a judge, justice, or other officer," the subpœna must be issued by such judge, justice, or other officer; and section 1991 provides that disobedience to a subpœna may be punished by "the court or officer issuing the subpœna." This means — construed with the context — by "the court issuing the subpœna," or by "the officer issuing the subpœna"; it does not mean

by " the court *not* issuing the subpœna." In such a case, the offending party is not guilty of two contempts, or subject to two punishments. These two sections govern the matter under discussion, and not subdivision 10 of section 1209, which is "in respect to a court of justice, or proceedings *therein*."

Counsel for respondent complains that a notary has no power to punish for contempt (and whether or not he has, we do not here decide), and that therefore, if the above views are correct, a party cannot enforce the taking of a deposition before such officer. But he would have had a similar grievance of more magnitude if the legislature had not provided at all for taking testimony out of court. The right to take and use a deposition is a mere statutory privilege, and can be exercised and *enforced* only in the manner and to the extent provided by the statute which gives it. And if a party selects, out of the officers before whom depositions may be taken, one who cannot punish for contempt, he puts himself, so far as *that* method of enforcing the attendance of his witness is concerned, out of the reach of legislative grace, and must rely upon the provisions that the disobedient witness forfeits to the aggrieved party one hundred dollars, and all damages sustained by his failure to attend; and that, if he be a party, his complaint or answer may be stricken out. (Code Civ. Proc., secs. 1191, 1192.) Whether or not the power to enforce the attendance of witnesses out of court should be enlarged is a question for legislative determination.

The orders adjudging petitioners guilty of contempt, and punishing them therefor, are annulled, and the court below is directed to dismiss the proceeding.

SHARPSTEIN, J., SEARLS, C. J., and TEMPLE, J., concurred.