Argued 29 January; decided 12 March; rehearing denied 9 April, 1900.
### LOMBARD v. SMITH.
[ 60 Pac. 388, 707.]

PENALTY FOR FAILURE OF WITNESS TO ATTEND—DAMAGES.

Under Hill's Ann. Laws, § 798, providing that a witness disobeying a subpœna duly served shall forfeit to the party requiring his attendance the sum of $50 and all damages sustained, which forfeiture and damages may be recovered in an action at law, the payment to a witness of his fees and mileage is not sufficient to entitle the party requiring his attendance to recover the penalty for nonattendance, but it must be shown that the witness was material, and that damage other than the loss of such fees and mileage resulted from his nonattendance.

From Multnomah : E. D. SHATTUCK, Judge.

Action by B. M. Lombard against Edith J. Smith. Defendant appeals from a judgment for plaintiff.

REVERSED.

For appellant there was a brief over the name of *Catlin, Kollock & Catlin*, with an oral argument by *Mr. John K. Kollock*.

For respondent there was a brief over the names of *Benjamin M. Lombard, in pro. per.*, and *Seneca Smith*, with an oral argument by *Mr. Smith*.

MR. JUSTICE BEAN delivered the opinion.

This is an action to recover from the defendant the penalty provided by Section 798, Hill's Ann. Laws, for a failure to attend court as a witness on behalf of the plaintiff, in obedience to a subpœna duly served upon her at his instance, in an action to which he was a party. Upon the trial the court ruled, and so instructed the jury, that, to entitle the plaintiff to recover, he must show that he was actually damaged by the nonattendance of the witness, but that payment of the witness fees and mileage at the time of the service of the sub-

pœna was a sufficient showing of damage for the purpose of such a recovery ; and this ruling presents the point for decision upon the appeal.

The statute provides that "a witness disobeying a subpœna duly served shall forfeit to the party requiring his attendance the sum of fifty dollars and all damages which he may sustain by the failure of the witness to attend ; which forfeiture and damages may be recovered by an action at law." A witness who has been duly subpœnaed and failed to attend, without due cause, is liable to a common law action for such damages as the party in whose behalf he was subpœnaed may have suffered by reason of his nonattendance : 24 Am. & Eng. Enc. Law (1 ed.), 170. And the statute is but declaratory of this rule, with a provision that the injured party, in addition to damages, may recover a penalty of $50 from the defaulting witness. It is substantially the same as the statute of 5 Eliz. (2 Doug. 556), and of New York and Michigan (Code, Civ. Proc. N. Y. § 874 ; 2 Comp. Laws, Mich. 1857, p. 1175). It is true, these statutes provide that the defaulting witness shall forfeit to the party aggrieved, or that the penalty shall be recovered by the party so aggrieved, while ours provides that he shall forfeit to the party requiring his attendance, but they amount to substantially the same thing. The party aggrieved is the one who is injured by the nonattendance of the witness, and the party requiring his attendance is likewise one who is so injured. Under the statutes referred to, and an analogous statute of Iowa, the unbroken line of decisions is that the party can recover the statutory penalty only by showing that he was damnified by the failure of the witness to obey the subpœna. In other words, a party does not acquire a right to the statutory penalty by the mere refusal of the witness to attend when duly subpœnaed, but it must be shown that the witness

was material, and that damages resulted from his non-attendance : *Goodwin* v. *West*, 4 Cro. Car. 522, 540; *Courtney* v. *Baker*, 3 Denio, 27 ; *Carrington* v. *Hutson*, 28 Hun, 371 ; *Couling* v. *Coxe*, 60 Eng. C. L. 703 ; *Prentiss* v. *Webster*, 2 Doug. (Mich.) 5 ; *Heermans* v. *Williams*, 11 Wend. 636. In *Goodwin* v. *West*, 4 Cro. Car. 522, 540, which was an action on the statute of 5 Eliz., the exception taken by the counsel was that the plaintiff did not show that he was damaged by the nonappearance. of the witness, to which it was "answered that the action being brought only for the ten pounds, and not for further damages, it is well enough ; and the ten pounds is due for her non-appearance to the king and the party." But all the justices held that the declaration was ill for this cause ; for there ought to be a party grieved by the nonappearance, otherwise there is no cause of forfeiture, and so are the express scope and words of the statute. And in *Courtney* v. *Baker*, 3 Denio, 27, which was an action under the New York statute, it was held competent for the defendant to show that he was unable to give material evidence in the case, and consequently no injury could have arisen from his nonattendance. The court said : "A party does not acquire a right to this penalty by the mere refusal of a witness to attend when duly subpœnaed. Something more is required. It must be shown that the witness was material, and that damages resulted from his nonattendance." And again : "If a defaulting witness was wholly unable to give material evidence in the case, it is manifest that no injury could have arisen from his nonattendance, and consequently he could not have incurred the penalty."

Nor is the payment to a witness of his fees and mileage such damages as are contemplated by the decisions referred to. In most, if not all, of the cases cited, the payment of such fees was an essential element of the proper service of the subpœna, notwithstanding which the court

held that the plaintiff was not entitled to the statutory penalty, because no damage was shown from the default of the witness. The statute provides for the recovery of the penalty from a witness who has been duly served with subpœna, and there can be no due service of a subpœna without either giving or offering to the witness at the time of the service the fees to which he is entitled for traveling to and from the place designated, and one day's attendance there : Hill's Ann. Laws, § 792. And, if the payment of such fees is a sufficient damage to entitle a party to recover under the statute, then it necessarily follows that a recovery of the penalty may be had without showing any injury or damage immediately consequential upon the nonattendance of the witness, which would be contrary to all the authorities upon the subject. It follows that the court erred in instructing the jury that the payment of the witness fees and mileage was sufficient damage to entitle the plaintiff to recover, and for this reason the judgment of the court below must be reversed, and a new trial ordered.           REVERSED.

Decided 9 April, 1900.

### ON MOTION FOR REHEARING.

*Messrs. Fenton & Muir*, for the motion.

*Messrs. Catlin, Kollock & Catlin, contra.*

MR. JUSTICE BEAN delivered the opinion.

It is said the court did not instruct the jury, as a rule of law, that payment of witness fees and mileage was a sufficient proof of damages to entitle plaintiff to recover. The only knowledge we have on the subject is the record, which shows that the defendant requested in writing an instruction that "the payment to the defendant of her witness fees and mileage are not such damages as will

entitle the plaintiff to a verdict, and, unless you find other damages to said plaintiff, the verdict must be for the defendant.'' The court not only refused to instruct as requested, but in its charge called the attention of the jury to the contention of defendant in this regard, and instructed them that, ''If you find that the plaintiff paid for the attendance of that witness $2.20, you have a right to consider that as damages sustained by the party in the absence of the witness.'' The only reasonable interpretation we can give to these᛫ rulings is, as stated in the opinion, that the court intended to and did instruct the jury that payment of the witness fees and mileage at the time of service of the subpœna was a sufficient showing of damages. The other points discussed in the petition were made in the original brief. The authorities referred to were examined before the case was decided, and we were then, and are now, unable to concur in plaintiff's contention. The petition for rehearing is, therefore, denied.                                   REHEARING DENIED.

<div align="center">

Decided 26 March, 1900.