[L. A. No. 977.   Department One.—December 11, 1901.]

## W. D. NOLAN, Appellant, v. L. M. GRIDER, Respondent.

ACTION FOR DISOBEDIENCE TO SUBPŒNA—PLEADING—INSUFFICIENT COMPLAINT—CONSTRUCTION OF CODE.—A complaint in an action based on section 1992 of the Code of Civil Procedure, to recover the statutory penalty and damages for alleged disobedience to a *subpœna duces tecum* issued by a notary to take evidence in a case pending in the justice's court, which does not state any facts showing the nature of the pending case, nor the relevancy of the instruments described in the subpœna, nor the materiality of the testimony of the witness to any issue in the case, does not show that the plaintiff is a "party aggrieved," or that he has "sustained damages," within the meaning of the code, and does not state a cause of action.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Waldo M. York, Judge.

The facts are stated in the opinion.

Charles H. Mattingly, for Appellant.

M. W. Conkling, and Davis & Rush, for Respondent.

HAYNES, C.— Nolan commenced this action in the superior court to recover a forfeiture of one hundred dollars, and two hundred and fifty dollars damages, under section 1992 of the Code of Civil Procedure.  The defendant demurred to the

CXXXV. Cal.—4

complaint, and his demurrer was sustained without leave to amend, and plaintiff appeals from the judgment.

The facts alleged in the complaint are, in substance, the following: That Nolan brought an action in justice's court against said Grider and one F. L. Sexton, and the summons was duly served upon each, and they also appeared by counsel. It was thereupon stipulated in writing by the counsel for the respective parties that the depositions of the defendants in said action, Sexton and Grider, and also of the plaintiff, should be taken before a specified notary public on a day and at an hour named in the stipulation; that plaintiff caused the notary to issue a *subpœna duces tecum* for the appearance of defendant Grider before said notary at the time fixed in said stipulation, which was duly served; that Grider appeared at the time and place specified, but failed and refused to bring with him the papers specified in the subpœna; that defendant Grider was then and there duly and legally sworn as a witness for the plaintiff, but then and there refused to testify on behalf of the plaintiff or at all, and failed and refused to answer questions legal and pertinent to the matter in issue, and refused to answer all questions propounded to him by plaintiff's attorney, whereby Grider became indebted to him in the sum of one hundred dollars, according to the provisions of section 1992 of the Code of Civil Procedure, and forfeited said sum to the plaintiff.

For a second cause of action, it is alleged that without said testimony of said Grider he cannot safely proceed to trial, and thereby he has sustained damages in the sum of fifty dollars.

For a third cause of action, he alleges that by reason of the said failure and refusal of Grider to testify he "is subject to loss of time, annoyance, and vexation" in the sum of two hundred dollars, and prays judgment for the sum of three hundred and fifty dollars and costs of suit. The demurrer is, "that said complaint does not state facts sufficient to constitute a cause of action."

This action is prosecuted under section 1992 of the Code of Civil Procedure, which reads as follows: "A witness disobeying a subpœna also forfeits to the party aggrieved the sum of one hundred dollars, and all damages which he may sustain

by the failure of the witness to attend, which forfeiture and damages may be recovered in a civil action."

The question, as presented by appellant, is whether the defendant "disobeyed the subpœna." Said section (1992) is somewhat obscure. It first provides that "a witness disobeying a subpœna" forfeits one hundred dollars to the party aggrieved, and all "damages" which he may sustain "by the failure of the witness to attend."

This section is one of several relating to "the production of evidence"; but for the purpose of this case we do not find it necessary to decide whether the attendance of the witness, and his being sworn and then refusing to answer any question, constitutes "a disobedience of the subpœna," since the facts alleged do not show that plaintiff is "a party aggrieved," or that he has "sustained damages."

Under the Statute of 5 Eliz., chap. 9, sec. 12, the witness making default forfeited ten pounds, and was required to yield such further recompense to "the party aggrieved" as the judge of the court might award. (*Pearson* v. *Iles,* 2 Doug. 556.) In that case Lord Mansfield held that an action on the case for damages would lie.

In *Couling* v. *Coxe,* 6 Dowl. & L. 399, it was held that in an action against a witness for not obeying a subpœna, proof of actual damage having been sustained through the breach of duty by the witness is essential, as the law will not imply a loss from a mere disobedience to a subpœna; and it was further held that if the evidence of the witness was material upon any of the issues, the action would lie, even though the plaintiff did not have a good cause of action.

In *Courtney* v. *Baker,* 3 Denio, 27, it was held that in an action for a penalty under the statute it must appear that the witness was material, and that damages resulted from his nonattendance; and that case was cited and followed in *Carrington* v. *Hutson,* 28 Hun, 372, which was an action for a penalty under section 853 of the Code of Civil Procedure of the state of New York, the court saying: "There is no reason why a plaintiff should recover this penalty, unless he was aggrieved; that is, unless the absence of the witness caused some injury."

The complaint in this case does not disclose the nature of the case pending in the justice's court, nor the relevancy of the instruments described in the subpœna, nor does the complaint,

show, or even allege, that Grider could have testified to any matter material to any issue pending in the justice's court. No cause of action was therefore alleged, and the judgment appealed from should be affirmed.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.