[Civ. A. No. 4294.   Appellate Department, Superior Court, County of Los Angeles.—June 26, 1939.]

## ELDON NEWELL CHURCH, Appellant, v. MARIE PAYNE, Respondent.

[3 Cal. Supp. 119.]

A. V. Falcone for Appellant.

C. F. Jorz for Respondent.

SHAW, P. J.—Plaintiff seeks to recover from defendant the penalty and damages provided in section 1992 of the Code of Civil Procedure, for disobedience of a subpoena by a witness. The subpoena in question commanded the defendant's attendance before a notary public for the taking of her deposition in behalf of plaintiff in a civil action then pending in the superior court between the same parties. It is not disputed here that the subpoena was regularly issued and served, or that defendant failed to attend as directed thereby. Defendant's principal contention in support of the judgment in her favor is that to fix a liability upon her for the penalty and damages sued for there must be a report to the

court of her failure to attend and an order of court, made under section 1991 of the Code of Civil Procedure, directing her to attend. In this case there was no such order, although defendant's failure to attend was reported to the court, but we conclude that plaintiff's action can be maintained without it.

Decision of the questions presented requires a consideration of sections 1991 and 1992 of the Code of Civil Procedure, which read as follows:

Section 1991. ''Disobedience to a subpoena, or a refusal to be sworn, or to answer as a witness, or to subscribe an affidavit or deposition when required, may be punished as a contempt by the court issuing the subpoena. When the subpoena, in any such case, requires the attendance of the witness before an officer or commissioner out of court, it is the duty of such officer or commissioner to report any such disobedience or refusal to the court issuing the subpoena; and the witness must not be punished for any refusal to answer a question or to subscribe an affidavit or deposition, unless, after a hearing upon notice, the court orders him to so answer or subscribe and then only for disobedience to such order. Any judge, justice, or other officer mentioned in subdivision three of section nineteen hundred and eighty-six, may report any such disobedience or refusal to the superior court of the county in which such attendance was required; and such court thereupon has power, upon notice, to order the witness to perform the omitted act, and any refusal or neglect to comply with such order may be punished as a contempt of such court.''

Section 1992. ''A witness disobeying a subpoena also forfeits to the party aggrieved the sum of one hundred dollars, and all damages which he may sustain by the failure of the witness to attend, which forfeiture and damages may be recovered in a civil action.''

Section 1992 is doubtless a penal statute, as far as the forfeiture is concerned; but the rule that such statutes are to be strictly construed, even where applicable, ''does not mean that when the intent and object of the law is plain, such object may be defeated by an overnice construction''. (*Eyre* v. *Harmon*, (1891) 92 Cal. 580, 588 [28 Pac. 779].) Moreover, section 1992 is a part of the Code of Civil Procedure, and is, therefore, by the terms of section 4 of that

code, not subject to the rule of strict construction, but is "to be liberally construed, with a view to effect its objects and to promote justice".

On a mere reading of sections 1991 and 1992, it is apparent that each of them covers the subject of disobedience to a subpoena, that is, failure to attend as required thereby, and provides a penalty for such disobedience. It is also obvious that the forfeiture provided by section 1992 is in addition to the punishment for contempt authorized by section 1991; that is, no election between them is required, but either or both under proper circumstances may be enforced for the same disobedience. (See *Lezinsky* v. *Superior Court*, (1887) 72 Cal. 510, 512 [14 Pac. 104].) Section 1992 does not, at least expressly, prescribe any condition to the forfeiture except disobedience to a subpoena, which is the same condition mentioned in the first sentence of section 1991. Defendant contends, however, that the forfeiture is subject to the same further conditions which have been found in section 1991 by judicial decision, citing *Merrill* v. *Superior Court*, (1917) 33 Cal. App. 55 [164 Pac. 340], where it was held that a witness subpoenaed to attend out of court cannot be punished for nonattendance as a contempt unless his failure to attend has been reported to the court and the court has ordered him to attend. According to defendant's view, the effect of this decision is that under section 1991 there is no "disobedience to a subpoena" until the witness has disobeyed an order of court directing him to attend, and she argues that the same meaning should be applied to the substantially identical language of section 1992. But this decision does not undertake to define the phrase "disobedience to a subpoena". It holds merely that a disobedient witness may not be punished for contempt until he has disobeyed an order of the court, and is based on the last sentence of section 1991. Its effect is merely that section 1991, as it now reads, requires two contumacious acts by a witness before he can be punished for a contempt; first, "disobedience to a subpoena", and second, "refusal or neglect to comply with such order" of the court.

Section 1992, as written, requires only the first of these acts as a condition of the forfeiture. This was also the only condition imposed for a contempt punishment by the terms of section 1991 as first enacted in 1872, for it then read as

follows: "Disobedience to a subpoena, or a refusal to be sworn, or to answer as a witness, or to subscribe an affidavit or deposition when required, may be punished as a contempt by the court, or officer issuing the subpoena, or requiring the witness to be sworn; and if the witness be a party, his complaint or answer may be stricken out." While section 1991 was in this form, it was held that a witness who failed to attend for the taking of his deposition, after being duly subpoenaed, could be punished for contempt without any order of court directing his attendance (*Burns* v. *Superior Court,* (1903) 140 Cal. 1, 2, 3 [73 Pac. 597]), and it was further declared that the remedy provided by section 1992 was not dependent on proceedings under section 1991. (*Lezinsky* v. *Superior Court, supra,* (1887) 72 Cal. 510, 512.)

In 1907 section 1991 was amended by inserting in it the language requiring an order of court before a witness can be punished for contempt. No such provision was added to section 1992, which still stands as it was when first adopted in 1872. At the time of the enactment of section 1992 there was clearly no basis for the construction we are now asked to put upon it. In *Burns* v. *Superior Court, supra* (1903) 140 Cal. 1, 12, 13, it was held that the part of section 1991 as it then stood purporting to give the power to punish for contempt of court to ministerial officers taking depositions was invalid. This decision suggests a sufficient reason for the amendment of section 1991 in 1907. Since this reason would have no application at all to section 1992, no corresponding amendment was made to that section, and there is no ground for reading the amendment of section 1991 into section 1992 by any sort of implication. No change having been made in the words of section 1992, even when legislative attention was turned to the subject, its meaning remains unchanged.

For the foregoing reasons we hold that the defendant disobeyed the subpoena, within the meaning of that term as used in section 1992, and that proceedings against her under section 1991 were not necessary to fasten a liability upon her under section 1992. ▮ Before plaintiff can recover either the forfeiture or the damages mentioned in said section 1992, he must also show that he is a "party aggrieved", that is, that he has suffered some actual damage from the disobedience. (*Nolan* v. *Grider,* (1901) 135 Cal. 49 [67 Pac 9];

*Lombard* v. *Smith*, (1900) 37 Or. 23 [60 Pac. 388, 707].) Here there was allegation and proof of damages sufficient to support plaintiff's action.

The fact that plaintiff has not yet discharged his liability for any of the expenses claimed as damages by payment does not debar him from recovering them as damages. Defendant's disobedience to the subpoena was not a breach of contract, but a tort (see 62 Cor. Jur. 1091), and the rule of damages here is that applicable to actions in tort, by which a plaintiff may recover the amount of a liability, incurred but not paid, for reasonable and necessary expenses caused by the wrongful act complained of. (*Nelson* v. *Kellogg*, (1912) 162 Cal. 621, 623 [123 Pac. 1115, Ann. Cas. 1913D, 759].)

Defendant objects to the items of damages claimed in this case on the ground that they are proper items of costs in the action in which the deposition was being taken. Such damages could be recovered from the witness as costs only where the witness is the adverse party to the action in which he is subpoenaed; but even in such a case the possibility of such recovery is no bar to a separate action. The purposes of section 1992 and of that providing for recovery of costs are not the same. Section 1992 confers on the aggrieved party a right which may be asserted and enforced as soon as the disobedience occurs, without awaiting, and regardless of, the outcome of the action. The witness by disobeying the subpoena has violated the rights of the summoning party to take his testimony and has flouted the law requiring him to attend. For that conduct section 1992 imposes a present liability. Section 1032 of the Code of Civil Procedure, providing for costs, is operative only at the conclusion of the action, and awards costs only to the successful party in such an action as this, hence putting a premium on the witness' disobedience, should it operate to defeat the other party. Of course, the rule against double recovery would prevent plaintiff herein from recovering the items in question as costs in the other action after obtaining judgment for them here, and *vice versa;* and if by some chance he should recover them in both actions, one payment would suffice to satisfy both judgments to that extent.

It is stated in *Nolan* v. *Grider, supra*, (1901) 135 Cal. 49, that the forfeiture provided by section 1992 cannot be recovered unless it is shown that the witness can give

material testimony. As applied to the adverse party, this seems to ignore the right of a litigant to take the deposition of the adverse party in preparation for trial. (See sec. 2021, subd. 1, Code Civ. Proc.; *Wissman* v. *Cabaniss*, (1917) 34 Cal. App. 487 [168 Pac. 150].) Such a 'procedure is a sort of statutory discovery, its purposes being to ascertain whether the party can give material testimony and, if so, what that testimony will be. However, in this case the materiality of the testimony of defendant sufficiently appears. The action in which she was to be examined was one brought against her for personal injuries received by plaintiff, who was riding a bicycle, from a collision with an automobile driven by defendant, and plaintiff desired to question her in regard to this accident. Her testimony on this subject would be material.

The judgment is reversed and the cause is remanded to the municipal court for a new trial, appellant to recover his costs of appeal.

Bishop, J., and Schauer, J., concurred.