[Civ. No. 464.   Third Appellate District.—April 10, 1908.]

## GEORGE E. LAMPHREY, Petitioner, v. SUPERIOR COURT OF COUNTY OF SACRAMENTO, and PETER J. SHIELDS, Judge of said Court, Respondents.

PROHIBITION—TAKING OF DEPOSITION TO BE USED OUT OF COUNTY—DUTY OF SUPERIOR JUDGE.—It is the duty of a superior judge of the county in which a deposition is taken to be used in another county before a notary public of his county to require a witness, who has refused to answer proper questions, to answer the same, and to complete the giving of his deposition; and a writ of prohibition will not lie in favor of the witness to prevent the performance of such duty.

APPLICATION for writ of prohibition to the Superior Court of Sacramento County.   Peter J. Shields, Judge.

The facts are stated in the opinion of the court in this case and in the case of *W. P. Scott, Petitioner,* v. *Superior Court, etc., Respondents,* filed March 27, 1908, and reported *ante,* p. 12, [96 Pac. 385.]

H. C. Ross, for Petitioner.

J. D. Meredith, for Respondents.

BURNETT, J.—This proceeding grew out of an effort to take the deposition of the said George E. Lamphrey in a cause in the superior court of Placer county, wherein Mrs. W. P. Scott is plaintiff and Fred S. Stevens, as executor of the estate of Adolph J. Weber, deceased, is defendant.   For a statement of the facts in relation to said deposition we refer to the matter of the application of the said Mrs. W. P. Scott for a writ of mandate directed to Hon. Peter J. Shields, as judge of the superior court of Sacramento county, decided by this court March 27, 1908, *ante,* p. 12.

After making the order which is set out in the opinion on said application for a writ of mandate, respondent, concluding, no doubt upon reflection, that he should have directed the witness to complete his deposition, made the following order: "Good cause appearing therefor, it is ordered that

the order dismissing the proceeding in the above-entitled action or proceeding heretofore made herein on the 6th day of March, 1908, be and the same is hereby vacated and set aside. It is further ordered that the motion of plaintiff in the above-entitled action or proceeding for an order of this court directing and commanding the witness George E. Lamphrey to answer the questions propounded to him upon the taking of his deposition before H. B. Bradford, a notary public in and for the County of Sacramento, be and the same is hereby set for hearing for Thursday, March 19, 1908, at ten o'clock A. M. It is further ordered that counsel for the plaintiff give notice to the witness George E. Lamphrey of the making of said orders.''

The prayer is for a writ to prohibit the said court and the judge thereof from acting or proceeding in the matter of said application for the purpose of requiring petitioner to answer before said notary public and from taking any action or proceeding adjudging or decreeing petitioner guilty of a contempt of court for failing or refusing to answer before said notary.

It could be easily demonstrated that the writ should not issue for several reasons, but in the said application for the writ of mandate we held that it was the duty of respondent to do what is in this application sought to be prevented.

The alternative writ in this proceeding was issued before any conclusion was reached as to the peremptory writ of mandate, but the reason for issuing the latter is sufficient ground for denying the petition herein.

The demurrer to the petition is sustained and the order to show cause is discharged.

Chipman, P. J., and Hart, J., concurred.