HITE, Appellant, vs. KEENE, Respondent.

*January 9—January 26, 1909.*

*Depositions: Adverse parties: "Without the state:" Statutes: Con-*
*struction: Letters rogatory: Discretion.*

1. A party residing in a foreign country is "without the state" and
   within the calls of sec. 4096, Stats. (1898), authorizing the ex-
   amination of a party otherwise than as a witness at the trial,
   and providing that his deposition in that behalf may be taken
   without the state.
2. The provisions of sec. 4096, Stats. (1898), requiring depositions
   thereunder without the state to be taken in the same manner
   that other depositions are taken, as applied to such depositions
   taken in a foreign country, contemplate depositions . taken
   either on oral interrogatories or by commission.
3. The general provisions of secs. 4113, 4114, Stats. (1898), requir-
   ing depositions taken by commission to be on written inter-
   rogatories, do not override the special provisions of sec. 4096,
   permitting the party whose deposition is taken thereunder to
   be examined on oral interrogatories.
4. It is within the discretion of the trial court to issue letters
   rogatory to a foreign court or tribunal in aid of an examina-
   tion, under sec. 4096, Stats. (1898), of a party residing in a
   foreign country.

APPEAL from an order of the circuit court for Milwaukee
county: WARREN D. TARRANT, Circuit Judge.   *Affirmed.*

The plaintiff, a former resident of the state of Kentucky
and now residing in Switzerland, brings this action for libel
in the circuit court for Milwaukee county against *Francis B.*

*Keene,* a former resident of the state of Wisconsin, now United States consul at Geneva. After the complaint was served the defendant procured an order appointing Robert Fazy, president of the Tribunal Premiere Instance at the city of Geneva, commissioner to take the deposition of the plaintiff, pursuant to sec. 4096, Stats. (1898), to enable the defendant to plead, and directing that the commission to take such deposition issue to such commissioner. The order also provided that letters rogatory issue in the form attached to such order. Such letters were addressed to "any judge or tribunal having jurisdiction of civil causes in the city of Geneva," with a request to such court or judge to compel the attendance of the witness *Hite* before the commissioner appointed to take his deposition by issuing the usual and customary process to compel such attendance. Plaintiff appeals from the aforesaid order.

For the appellant there were briefs by *Winkler, Flanders, Bottum & Fawsett,* and oral argument by *C. F. Fawsett.*

*Frank M. Hoyt,* for the respondent.

BARNES, J. This appeal involves two questions: (1) Can an examination be had under sec. 4096, Stats. (1898), when the party to be examined resides in a foreign country? (2) May letters rogatory issue to a foreign court or tribunal in aid of such examination?

Sec. 4096 provides for the examination of a party before or after joinder of issue, and that such examination may in all cases be taken on oral interrogatories, and that it may be taken without the state in the manner provided for taking other depositions. A party residing in a foreign country is "without the state" and comes clearly within the statutory provision. We can imagine no good reason which the legislature might have in mind in exempting residents of foreign countries from examination under sec. 4096, and it seems perfectly apparent from the language of this section

that no such exemption was intended. We are unable to adopt the construction contended for by counsel for appellant that the words "without the state," as used in the section, should be restricted so as to authorize the taking of depositions under this section in states or territories of the United States only. The use of these words in sec. 4110, Stats. (1898), is confirmatory of the construction we place upon their use in sec. 4096.

The substantial objection to the right of examination in a foreign country is the alleged failure to provide means by which such depositions can be had. Sec. 4110, Stats. (1898), provides that depositions taken in another state or territory may be taken on oral interrogatories on notice, or by commission. The section provides, however, that depositions taken in foreign countries shall be taken by commission. Secs. 4113, 4114, Stats. (1898), and the rules of court thereunder, provide that depositions taken by commission shall be taken on written interrogatories. So it is asserted that we have a situation where the statutes provide (1) that the deposition must be taken on oral interrogatories; (2) it must be taken in the same manner that other depositions without the state are taken; (3) depositions in foreign countries must be taken by commission; and (4) depositions taken by commission must be taken on written interrogatories. If the supposed incongruity between the statutes can be avoided by reasonable construction, such construction should be adopted, for it is hardly believable that the lawmaking power intended to create so anomalous a situation as it is claimed exists. The legislature having to our minds clearly conferred a right to examine a resident of a foreign country by sec. 4096, the court should go far to find a remedy by which such right may be made available.

The situation is not materially different from that which the court faced in *Neeves v. Gregory,* 86 Wis. 319, 56 N. W. 909. When that case was decided, sec. 4096 provided that

depositions taken thereunder without the state should be taken "upon commission in the manner provided for taking other depositions," in lieu of the present provision. Secs. 4113, 4114, Stats. (1898), were substantially the same as they now are in so far as they affect the question under consideration. Replying to the contention made in that case, to the effect that an examination could not be had on oral interrogatories, the court said:

"The respondent would construe the first clause of the section above quoted as though it read that the examination 'may be taken without the state upon commission in the manner provided for taking other depositions *upon commission.*' We construe the statute as though it read: 'In the manner provided for taking other depositions upon *notice or commission.*' This construction gives the right of examination upon oral interrogatories."

In analogy to what was decided in the foregoing case it may be said here that the provision in sec. 4096, requiring depositions thereunder without the state to be taken in the same manner that other depositions are taken, does not necessarily mean in the same manner that depositions are taken in foreign countries, but in the manner other depositions may be taken without the state as provided in sec. 4110, which is either on oral interrogatories or by commission.

Sec. 4096 clearly provides for taking a deposition on oral interrogatories. Reading the section in connection with sec. 4110, the deposition, when taken in a foreign country, must be taken by commission. But the general provisions of secs. 4113 and 4114, requiring depositions taken by commission to be taken on written interrogatories, should not be held to override the special provision of sec. 4096, to the effect that in taking a deposition thereunder "the party examining shall in all cases be allowed to examine on oral interrogatories." Such is the conclusion the court must have reached in the *Neeves Case.* The law as it then stood required that a deposition taken without the state under

sec. 4096 should be taken by commission, and secs. 4113 and 4114 then imposed precisely the same barrier generally against taking depositions by commission on oral interrogatories that they do now, but the taking of a deposition by commission on oral interrogatories was expressly sanctioned.

Letters rogatory were issued to "any judge or tribunal of the city of Geneva having civil jurisdiction," requesting such judge or tribunal to issue the requisite process to compel the attendance of the plaintiff at the examination and to require him to submit thereto. While such letters may have been unnecessary in the present instance to safeguard the rights of the defendant, cases might well arise where the issuance of such letters would be essential to the promotion of the ends of justice, and we think it was within the discretion of the trial court to order that such letters be issued.

*By the Court.*—Order affirmed.