[Civ. No. 2217.   First Appellate District.—August 27, 1917.]

MARY C. WISSMAN, Petitioner, v. GEORGE H. CABANISS, Judge of the Superior Court, etc., Respondent.

HUSBAND AND WIFE—PROCEEDING BETWEEN PARTIES—LACK OF PERSONAL SERVICE—PROPERTY RIGHTS.—In a proceeding between a husband and wife, where the latter was not personally served with process, the decree was entirely ineffectual to decide any property rights between the parties.

ID.—SUBSEQUENT ACTION BETWEEN PARTIES—DEPOSITION—DIRECTION TO ANSWER QUESTIONS—JURISDICTION OF COURT.—In a subsequent action brought by the wife to have the property rights of herself and husband determined, the wife has the right to cause the deposition of the defendant to be taken and to have questions answered by him which are pertinent to the issues, and the court cannot oust itself of jurisdiction to direct the answering of such questions by an erroneous view that the property rights had been determined in the first proceeding.

APPLICATION for a Writ of Mandate originally made to the District Court of Appeal for the First Appellate District to compel the Superior Court to direct the answering of questions upon a deposition.

The facts are stated in the opinion of the court.

Haven & Athearn, for Petitioner.

H. G. W. Dinkelspiel, and Frank W. Hooper, for Respondent.

THE COURT.—Petition for writ of mandate.

The court is of the opinion that this writ should issue. As to the effect of the decree in the former proceeding, we are of the opinion that it was entirely ineffectual to decide any property rights between the husband and wife by reason of the fact that the wife was not personally served with process. In that proceeding the court was without jurisdiction to determine the question of property rights in the absence of personal service. That being so, the wife had a right to bring the action out of which this proceeding arose, and she had

the statutory right in preparing for the trial of that action to cause the deposition of the defendant to be taken. At the taking of that deposition she asked questions which were pertinent to the issues raised in the case and to be tried therein; she had a right to have those questions answered, and in case the witness refused to answer she had a right to the direction of the superior court that the question should be answered. A refusal on the part of the superior court to exercise its power in aid of that right amounted to a denial of justice to her to the extent that it deprived her of the statutory right which she had to prepare for trial by the taking of this deposition. The court could not oust itself of jurisdiction to direct the witness to answer a question which was pertinent to the issues raised by the pleadings by holding—as we think clearly against the law—that in the former action the question of property rights had been determined. That matter seems to us so clear that we are of the opinion that the court in this present matter had no discretion to refuse the order which the plaintiff sought to compel the witness to answer, and that its refusal amounted to the ousting of itself from jurisdiction in the matter, and hence was the proper subject of a writ of mandate. The writ will issue as prayed for.

A petition for a rehearing of this cause was denied by the district court of appeal on September 26, 1917, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 25, 1917.