[Civ. No. 4575. Second Appellate District, Division One.—November 30, 1923.]

## BAR ASSOCIATION OF SAN DIEGO (a Corporation), Petitioner, v. SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent.

[1] ATTORNEY AT LAW — DISBARMENT — RIGHT TO BE CONFRONTED BY WITNESSES.—In a proceeding of disbarment it is not the absolute right of the accused to be present and be confronted by the witnesses.

[2] DEPOSITIONS — NATURE OF PROCEEDING — CONTROL OF COURT. — A proceeding in an action to take the testimony of a witness before a notary public or other officer authorized to take the same is a proceeding in the court in which said action is pending, and therefore, like all other proceedings therein, is subject to the reasonable control of said court.

[3] ID.—CONTINUANCE—JURISDICTION OF COURT.—After one party to an action has given notice of the time and place of taking certain depositions, the superior court in which such action is pending, upon motion of the opposite party, and upon a showing that the state of the health of the latter will not permit of his being present at the time and place specified for the purpose of advising and consulting with his counsel in the cross-examination of the witnesses, has the power to make an order continuing the taking of the depositions to a subsequent date.

PROCEEDING in Certiorari to review an order of the Superior Court of San Diego County postponing the taking of certain depositions. Order affirmed.

The facts are stated in the opinion of the court.

Lewis J. Utt and Stephen Connell for Petitioner.

Wright & McKee for Respondent.

CURTIS, J.—On September 12, 1923, the petitioner filed in the superior court of said county an accusation against Abram Rosenthal, an attorney at law, charging said Rosenthal with a violation of his duty as such attorney and praying for an order of said court that his name be stricken

---

1. Right of attorney to be confronted with witnesses against him in disbarment proceedings, note, 6 Ann. Cas. 582.

from the roll of attorneys and counselors of said court. The said Rosenthal appeared and filed his answer to said accusation. Thereafter the said Bar Association served a notice upon the attorneys of the said Rosenthal that it would on October 16, 1923, before a notary public named therein, take the depositions of certain witnesses. With said notice there was served an affidavit by the attorney of the said Bar Association, complying in all respects with section 2031 of the Code of Civil Procedure. After said notice was served as aforesaid, and on October 11, 1923, said Rosenthal served upon the attorneys of petitioner a notice of motion to continue and postpone the taking of said deposition on the ground that said Rosenthal was physically unable to be present and confront said witnesses; that he was entitled to be present for the purpose of consulting and advising with his counsel in the cross-examination of said witnesses, and that he could not with safety to his health proceed with the taking of said deposition on said sixteenth day of October, 1923. With said notice said Rosenthal served and filed affidavits of himself and two physicians as to the state of his health. On the hearing of said motion the said superior court made an order continuing the taking of said depositions from October 16, 1923, to November 22, 1923. Whereupon petitioner instituted this proceeding for the purpose of reviewing said last-named order and to have the same annulled by this court.

[1] We do not understand that it is seriously contended that in a proceeding of disbarment it is the absolute right of the accused to be present and be confronted by the witnesses. It was held to the contrary in a recent decision rendered by this court. (*In re Morganstern,* 61 Cal. App. 702 [215 Pac. 721–725].)

[2] It is contended, however, by respondent that a proceeding in an action to take the testimony of a witness before a notary public or other officer authorized to take the same is a proceeding in the court in which said action is pending, and therefore, like all other proceedings therein, is subject to the reasonable control of said court.

On the other hand, it is claimed by petitioner that the procedure for taking depositions is definitely prescribed by sections 2020 to 2038, inclusive, of the Code of Civil Procedure, and having complied with all the requirements of

these code provisions applicable to taking depositions within the state, it has the absolute right to have said deposition taken at the time and place fixed in its notice of motion to take the same, and that there is no authority vested in respondent to vary said procedure by extending the time or fixing a different date on which said deposition should be taken. It is admitted by all parties that this precise question has never been before the appellate courts of this state.

In the case of *Burns* v. *Superior Court*, 140 Cal. 1 [73 Pac. 597], the supreme court held that the superior court in which an action was pending had jurisdiction, upon proper showing, to punish as a contempt the disobedience of a witness to a subpoena requiring him to attend and give his deposition before a notary public. In this case the court traces the legal history of the taking of depositions, showing that originally they were used only in courts of equity, and in such courts they were the only means whereby the testimony of a witness could be obtained or produced at the trial. For the purpose of taking depositions in a court of equity a commissioner, usually styled an examiner or master, was appointed by the court to take the answers of witnesses to certain interrogatories settled by the court. These examiners or masters were, of course, under the jurisdiction of the courts appointing them, and subject to their orders. With the establishment of the superior courts of this state, they succeeded to all the powers and rights of both courts of law and equity. "Instead of requiring a court order (always given of course) and leaving the appointment of the examiner to the court, the law authorizes the depositions, alike in law as in equity, and itself provides the examiners by giving that authority to any officer authorized to administer oaths; that is, in effect, constituting such officers *ex-officio* officers of the court for the purpose of taking such depositions as they may be called upon to take." Finally the court says in the Burns case, "The taking of a deposition is as clearly one of the proceedings of the court as was the taking of testimony before a master or examiner in a court of equity."

Being a proceeding of the trial court in which the action is pending it is subject to the control of such court and any order of the trial court, made therein in the exercise of the legal discretion with which said court is vested, cannot be

assailed, unless there is a limitation placed upon the powers of said court by statute or otherwise. Do the sections of the Code of Civil Procedure above cited constitute any limitation upon the powers of the court to postpone the time of the taking of the deposition fixed in the notice for the taking of the same? Section 2031 provides that either party may have the deposition taken of a witness in this state by serving upon the adverse party, previous notice of the time and place of examination, together with a copy of the affidavit showing that the case comes within the provisions of section 2021. Said notice must be at least five days, unless for good excuse shown a judge, by order, prescribe a shorter time, except in cases where the place of examination is a greater distance than twenty-five miles from the residence of the person to whom the notice is given. There is nothing peculiar in the phraseology of this section prescribing the notice to be given to the opposite party. There are instances without number prescribed by the Code of Civil Procedure and other statutes of the state whereby notices are required to be given in different proceedings wherein the wording of the statute is very similar to the language used in section 2031. For instance, section 1005 of the Code of Civil Procedure prescribes in regard to motions generally that notice of the hearing thereof must be given, if the court is held in the county in which at least one of the attorneys of the party notified has his office, five days before the time appointed for the hearing; otherwise ten days. We have never heard questioned the power of the court, for good cause shown, to continue or postpone the hearing of motions noticed under the above section. In fact, it is the universal practice of courts to grant continuances of motions when the ends of justice would seem to require such continuances, and a failure to do so under such circumstances would be an abuse of discretion.

Section 2031 of the Code of Civil Procedure simply prescribes the minimum notice that must be given to the adverse party upon the taking of a deposition and is no limitation upon the general powers of the court to control proceedings to take depositions and to extend or continue the time fixed in said notice for the taking of the same.

Furthermore, as was held in *Burns* v. *Superior Court, supra,* the notary public or other officer before whom the

deposition was noticed to be taken is by the law of the state constituted an *ex-officio* officer of the court for the purpose of taking such deposition. As such officer he and all proceedings before him are subject to the control of the court. (Subd. 5, sec. 128, Code Civ. Proc.)

[3] We are of the opinion, therefore, that the Superior Court of San Diego County had jurisdiction over the proceeding to take such deposition; that its order continuing the hearing thereof was valid, and should be affirmed, and it is so ordered.

Conrey, P. J., and Houser, J., concurred.