[No. 23058. Department Two. March 27, 1931.]

THE STATE OF WASHINGTON, *on the Relation of James D. Lacey & Company, Plaintiff,* v. THE SUPERIOR COURT FOR CLALLAM COUNTY, *Respondent.*[1]

*Chadwick & Chadwick,* for relator.
*Caldwell & Lycette,* for respondent.

FULLERTON, J.—On February 18, 1930, the relator, James D. Lacey & Company, a corporation, as plaintiff, brought an action in the superior court of Clallam county against T. H. McCarthy and others, as defend-

[1]Reported in 297 Pac. 164.

ants, in which it sought to recover a money judgment against each and all of the defendants in the sum of $400,047.82. The defendant T. H. McCarthy appeared by counsel and answered separately, putting in issue the allegations of the complaint and setting up some six affirmative defenses. Issue was taken on the affirmative defenses by a reply. One of the defendants named in the complaint is the executor of the estate of C. H. Ruddock, deceased, and he, as such executor, filed a cross-complaint against T. H. McCarthy, in which he sought a judgment over against McCarthy for any judgment that might be awarded in the action against him and in favor of the plaintiff. He also asked for special relief, which could result in a money judgment in his favor against McCarthy. McCarthy took issue upon the cross-complaint.

On February 7, 1931, after issue had been joined, the attorneys representing T. H. McCarthy served a written notice on the attorneys for the plaintiff in the action and on the attorneys for the cross-complainant, notifying them that they would, on a date named therein, apply to the court for an open commission directed to John R. Wood, Vice Consul of the United States, residing at 1 Rue des Italiens, Paris, France, to take the deposition of T. H. McCarthy, at the place named. The application was supported by the affidavit of one of his attorneys, stating, among other matters, the following:

"That the defendant T. H. McCarthy now is, and for a long time past has been, a resident of Paris, France; that said defendant is now residing in Paris, France; that said defendant is over sixty years of age, and by reason of his age and the fact that his health is not good, it will be impossible for the said T. H. McCarthy to make the long journey from Paris, France to Clallam County, Washington, to be present as a witness at the trial of the above entitled action; that

said defendant is entirely deaf and cannot hear any spoken words; that, as shown by the records and files herein, which records and files are hereby referred to, the above entitled action relates to a contract made in the year 1906, concerning which there has been a vast amount of correspondence between the various parties hereto, from the year 1906 down to and including the year 1930; that there have been many communications between the parties hereto concerning said property; that it will be extremely difficult for this defendant to make a proper defense of the above entitled action without the testimony of the said T. H. McCarthy; . . ."

The plaintiff appeared and resisted the application, on the ground that the court was without jurisdiction to issue a commission to take the deposition of a witness who resided without the boundaries of the United States. The trial court announced its intention to grant the application, whereupon the plaintiff, on its own relation, applied to this court for a writ prohibiting it from so doing. An alternative writ was granted, and the question now before us is whether the alternative writ shall be made peremptory.

The question for determination, as it is presented for review in this court, is a somewhat narrow one. The statute, after detailing the circumstances and conditions under which the testimony of a witness residing within the state may be taken by deposition, proceeds as follows:

"Any superior court in this state, or any judge thereof, is authorized to grant a commission to take depositions within or without this state. The commission must be issued to a person or persons therein named, by the clerk, under the seal of the court granting the same, and depositions under it may be taken upon written interrogatories or upon oral questions or partly upon oral and partly upon written interrogatories, in the discretion of the court or judge granting the commission. Before any such commission shall be

granted, the person intending to apply therefor shall serve upon the adverse party, or his attorney of record a notice of his intention to make such application, stating the time when and the place where such application will be made, the action or proceeding•and the name of the court or tribunal in which the deposition is to be used, and the name of the witness to be examined, which notice shall be served such time before the time when the application is to be made as to allow the adverse party, or his attorney, sufficient time by the usual route of travel to attend, and three days for preparation, exclusive of the day of service, unless the court or judge, for sufficient cause shown by affidavit, prescribe a shorter time. At the time the application is presented, the court or judge shall determine whether the deposition shall be taken upon written interrogatories, or upon oral questions, or partly upon oral and partly upon written interrogatories, in his discretion, and shall settle the interrogatories, if any have been served and the parties have not settled the same." Rem. 1927 Sup., § 1240.

The relator concedes that the statute is broad enough to authorize a superior court to issue a commission to take the testimony of a witness by deposition who resides out of the state of Washington and within the United States, but contends that it is not broad enough to authorize the issuance of a commission to take the testimony of a witness by deposition who resides in a country foreign to the United States.

Reading the statute literally, there is seemingly no ground for the distinction sought to be made. Obviously, the republic of France is "without the state" of Washington, and the power granted the court by the statute to issue a commission to take the testimony of a witness by deposition "without the state," must extend to the territory of that republic, unless there is in the statute elsewhere some qualification limiting its territorial extent. But we find no such limitation. The statute does not enumerate the countries to which

a commission to take depositions may be issued. Indeed, it does not provide especially for taking depositions in another state of the United States. The territorial grant is found in the words "without the state," meaning without the state of Washington, and this phrase is as applicable to a foreign country as it is to a sister state. There is, moreover, no good reason why the legislature should make the distinction contended for. It is the testimony of the witness that is desired, and, manifestly, its desirability cannot be affected by the place of residence of the witness.

The precise question seems not to have been heretofore brought directly to the attention of this court, yet our cases, in so far as we have noticed the question, support the position taken by the trial judge. In *State ex rel. Rothwell & Co. v. Superior Court,* 111 Wash. 63, 189 Pac. 556, we held that the statute is remedial and is to be construed liberally. In *Kennedy v. Canadian Pac. R. Co.,* 87 Wash. 134, 151 Pac. 252, we held that the deposition of a witness taken by stipulation in the Dominion of Canada could be read in evidence, over the objection of the opposing party, as a "deposition taken in conformity with the statute."

In *State ex rel. Hayashi v. Ronald,* 134 Wash. 152, 235 Pac. 21, an application was made to the trial court for a commission to take the testimony of one Fujimoto by deposition. The court, on the objection of the opposing party, refused to issue the commission, and a mandate was sought from this court to compel it so to do. This court issued its writ commanding the trial court to grant the application for the commission. The case did not turn on the question here involved, and the opinion does not notice the fact that the witness resided in a foreign country. The record, however, disclosed that the witness whose testimony

was desired was a resident of Tokyo, in the Empire of Japan.

Again, if we are correctly advised, it has been the common practice of the superior courts of this state, since the beginning of statehood, to issue commissions to take the testimony of witnesses by deposition who reside in foreign jurisdictions; at least, the records of this court furnish many instances where the practice has been pursued. In none of these instances, as we say, does it appear that the precise question here involved was brought to the attention of the court, but the fact that the practice has gone so long unquestioned is a circumstance supporting the conclusion that it has the sanction of the statute.

The only case from a sister state called to our attention which seems to bear upon the question is *Hite v. Keene*, 137 Wis. 625, 119 N. W. 303. The statute of Wisconsin relating to taking testimony by deposition is with reference to the particular question somewhat similar to our own. It was there objected that the statute was not broad enough to authorize the court to issue a commission to take the deposition of a witness residing in a foreign country. Answering the objection, the court said:

"Sec. 4096 provides for the examination of a party before or after joinder of issue, and that such examination may in all cases be taken on oral interrogatories, and that it may be taken without the state in the manner provided for taking other depositions. A party residing in a foreign country is 'without the state' and comes clearly within the statutory provision. We can imagine no good reason which the legislature might have in mind in exempting residents of foreign countries from examination under § 4096, and it seems perfectly apparent from the language of this section that no such exemption was intended. We are unable to adopt the construction contended for by counsel for appellant that the words 'without the state,' as used in

the section, should be restricted so as to authorize the taking of depositions under this section in states or territories of the United States only.''

Both sides have drawn analogies from the Federal statutes and the holdings of the Federal courts thereunder, which are thought to support their respective positions. But we think it unnecessary to review the contentions founded thereon. We find nothing in them which aids in the interpretation of our own statute.

The alternative writ heretofore issued is quashed, and a peremptory writ denied.

TOLMAN, C. J., BEALS, MILLARD, and BEELER, JJ., concur.