[Civ. No. 9816. Second Appellate District, Division Two.—July 14, 1934.]

ANNA LEVIN, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Friedman & Katzev for Petitioner.

Everett W. Mattoon and S. V. O. Prichard for Respondents.

CRAIG, J.—The petitioner is a resident ·of the state of Massachusetts and the wife of the plaintiff in an action for divorce commenced in this state. Her answer and a cross-complaint were filed and the cause set down for trial on May 17, 1934, on which date her counsel were for the first

time able to make service of an order to show cause why attorneys' fees, costs and alimony *pendente lite* should not be allowed. A motion for a continuance was interposed, supported by the affidavit of petitioner's counsel to the effect that all witnesses by whom she intended to disprove the plaintiff's allegations resided in Massachusetts, that it was necessary to a proper presentation of her case that the depositions of herself and of said witnesses be taken there and that she was wholly without funds with which to pay therefor. A continuance was granted, notice of motion for a commission was filed, and after hearing the motions for expenses and alimony *pendente lite* and for the commission to take the testimony of such witnesses were denied. It was stipulated that the question of attorneys' fees and costs should be held in abeyance until the time of trial. Thereafter the motion to take petitioner's testimony was removed from the calendar, the cause was again continued and on the fourth day of June said motion was denied and the date of trial was reset.

It is alleged that petitioner has no plain, speedy or adequate remedy at law, that her testimony is necessary and material and that without the same she will be unable to present her cause. The foregoing embraces practically all that is made to appear by the petition and the answer thereto. None of petitioner's allegations is denied.

This proceeding is founded upon sections 2020 and 2024 of the Code of Civil Procedure, which authorize the taking of testimony by deposition outside the state on application of either party, and upon the case of *San Francisco Gas & Electric Co.* v. *Superior Court,* 155 Cal. 30 [99 Pac. 359, 17 Ann. Cas. 933]. In like proceedings to obtain the testimony of a witness not a party in an eastern jurisdiction, for use on a second trial but pending appeal, it was said in the cited case: "What, then, is the proper construction of sections 2020 and 2021 of the Code of Civil Procedure, which prescribe the time for taking depositions? They say in plain terms that the deposition of a witness out of the state in all cases, and of a witness in a state in certain enumerated cases, may be taken in an action at any time after the service of summons or the appearance of the defendant. The language is very sweeping and comprehensive and clearly includes, if taken literally, all the time that an

action is pending, that is to say, all the time from the service of summons or the appearance of the defendant until 'its final determination upon appeal or until the time for appeal has passed unless the judgment is sooner satisfied' (Code Civ. Proc., sec. 1049).'' In that behalf it was further said: ''As to the question of remedy we think the petitioner is entitled to the writ of *mandamus*. That would be the only remedy for the refusal of a commission in a proper case before judgment, and there can be no doubt that it would lie, because it does not rest in the discretion of the trial court or judge to refuse a commission in the cases defined by the code. Conceding that, in cases such as this, the order denying the application for a commission is appealable, that does not seem to be a sufficient reason for holding that remedy exclusive.''

A writ of prohibition to restrain the issuance of an order to take testimony of a party outside the jurisdiction of the courts of the state of Washington was denied upon the authority of several decisions. Upon a petition wherein it was alleged that the superior court was about to issue such order it was said: ''The precise question seems not to have been heretofore brought directly to the attention of this court, yet our cases, in so far as we have noticed the question, support the position taken by the trial judge.'' (*State* v. *Superior Court*, 161 Wash. 467 [297 Pac. 164].)

██ Although the code provisions include all of the time from the service of summons until final determination of a suit, and in general the issuance of the commission is a matter of right, as applied to a particular case this must be taken with such qualification as the facts of such case may demand. The law does not require an idle act. It would not compel the issuance of a commission if the application were made at a date so late before the trial that the deposition desired could not be taken in time to be used. At least to the extent, therefore, that the trial court may properly consider the claims of the party seeking a commission to take a deposition for a continuance of trial date in order that the deposition may be used, discretion exists to refuse an application for a commission. If it appears that the applicant has been negligent in applying for the commission and that the rights of others would be prejudiced

by continuing the trial, the court would, of course, be justified in refusing such continuance, and without a continuance the taking of the deposition would become useless. Hence an issuance of the commission would not, under such circumstances, be a matter of right.

But in the instant case there is nothing to suggest how the plaintiff in the divorce action would be prejudiced by such a delay as would be necessary for the taking of the defendant's deposition and its use at the trial. The delay in applying for the commission does not appear to have been due to negligence on the part of petitioner, and so we think that she has a right to have it issue. The law always favors the determination of cases on their merits. However desirable it may be that litigation be determined promptly, it is even more to be desired that when lawsuits are ended justice be done, and to that end that all reasonable opportunity be afforded the parties to present a legitimate claim or defense if one exists. This is especially true in a divorce case, where the state is interested in the marital status of the parties. We think the trial should be continued to such a date as will permit the deposition sought to be taken, and that the commission should be issued.

Let the writ issue as above indicated.

Stephens, P. J., and Scott, J., *pro tem.*, concurred.