[Civ. No. 10191.   First Appellate District, Division Two.—April 24, 1936.]

PATRICK FARMS, INC. (a Corporation), Petitioner, v. THE SUPERIOR COURT OF SANTA CRUZ COUNTY, Respondent.

Rosendale, Scott & Thomas for Petitioner.

Wyckoff, Gardner & Parker and Hubert Wyckoff, Jr., for Respondent.

SPENCE, J.—Petitioner seeks a writ of mandate to compel the respondent court to issue a commission for the taking of the deposition of a witness in the city of Chicago.

A motion for the issuance of said commission was made by petitioner in the respondent court in an action for an accounting in which petitioner was the plaintiff. The defendant in that action had filed his answer denying certain material allegations of the complaint. It was also alleged in said answer that the parties had theretofore had an accounting regarding

the matters mentioned in the complaint and that defendant had paid to plaintiff the full amount found due. It was further alleged that there was, at the time of the commencement of the action, another action pending in the same court between the same parties and for the same cause of action. In opposition to the motion for the issuance of the commission a counter affidavit was filed setting forth the foregoing facts as alleged in the answer and further setting forth that said issues had not been determined by the court and that it had not yet been determined that plaintiff was entitled to an accounting. Upon the hearing, the trial court determined that the testimony to be elicited from the witness related solely to the matter of the accounting and not to plaintiff's right to an accounting. It therefore concluded that the motion for the issuance of the commission should not be granted until the question of plaintiff's right to an accounting had been first determined. The trial court filed a written opinion stating its views, which written opinion is attached to the petition herein.

■ Petitioner contends that it was entitled to have the commission issue as a matter of right and that the trial court had no discretion in passing upon the motion for the issuance of the commission. In our opinion, this contention cannot be sustained. While ordinarily a party is entitled to the issuance of a commission as a matter of right at any time after the service of summons or the appearance of the defendant (Code Civ. Proc., sec. 2020; *San Francisco Gas & Electric Co.* v. *Superior Court,* 155 Cal. 30 [99 Pac. 359, 17 Ann. Cas. 933]), the exercise of that right is subject to a reasonable control by the trial court. (*Levin* v. *Superior Court,* 139 Cal. App. 693 [34 Pac. (2d) 832]; *Bar Assn. of San Diego* v. *Superior Court,* 64 Cal. App. 590 [222 Pac. 185].) In other words, we believe that the authorities last cited clearly indicate that the trial court is not compelled under all circumstances to order the issuance of the commission at any time that a request is made therefor after the service of summons or appearance of the defendant, and that the trial court may exercise its discretion and refuse the issuance thereof under certain circumstances. Therefore the action of a trial court in refusing to issue a commission should not be disturbed in the absence of a showing of an abuse of discretion in the particular case.

We find no abuse of discretion in the case before us. Where, as here, the right to an accounting is denied by the answer, it is the general practice to determine said issue first and to make an interlocutory decree determining the right of plaintiff to an accounting before going into the account itself. (1 Cor. Jur. 692.) The trial court merely determined that prior to the determination of plaintiff's right to an accounting, the parties should not be put to the trouble and expense of taking the deposition of a witness at a distant point on matters relating solely to the account itself rather than to plaintiff's right to the accounting. There is nothing to show that plaintiff would be prejudiced in any way by this procedure. In fact the affidavit in support of plaintiff's motion showed that the evidence sought was from the books and records of a corporation of which the witness was an officer and it was no doubt assumed by the trial court, in the absence of any showing to the contrary, that such books and records would be available for that purpose at any time.

The views expressed herein are not in conflict with the decision in *San Francisco Gas & Electric Co.* v. *Superior Court, supra.* The trial court there denied the motion upon the ground that it had no jurisdiction to order the issuance of a commission. It was held that the trial court had jurisdiction and the writ was granted. While there is language in the opinion indicating that the trial court had no discretion, the facts set forth in the opinion show that the witness, who was the only one who could establish a material fact, was under sentence of death and was to be executed within a short time after the application was made in the trial court. It therefore clearly appeared in that case that the trial court had erred in refusing to order the issuance of the commission and the language of the opinion relating to discretion was not necessary to the decision.

The petition for a peremptory writ of mandate is denied.

Nourse, P. J., and Sturtevant, J., concurred.