[L. A. No. 17298. In Bank.—October 2, 1940.]

JACK HAYS, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

William C. Ring for Petitioner.

J. H. O'Connor, County Counsel, Douglas De Coster, Deputy County Counsel, Loyd Wright and Charles E. Millikan for Respondent.

SPENCE, J., *pro tem.*—Petitioner seeks a peremptory writ of mandate to compel the respondent court to order Gertrude Temple, defendant in the case of *Hays* v. *Temple et al.,* being action numbered 407–515 in the files of respondent court, to give her deposition.

Said action was commenced on October 7, 1936. Defendant's motion to dismiss said action, which motion was made upon the ground of the failure to bring the action to trial within two years, was granted on March 22, 1939, and judgment of dismissal was entered on March 31, 1939. Petitioner, as plaintiff in that action, appealed from said judgment and the appeal is still pending.

Shortly after the filing of the motion to dismiss said action, petitioner herein sought and obtained an order for a subpoena to issue requiring defendant Gertrude Temple to appear before a notary public for the taking of her deposition. When said defendant appeared before the notary public on April 8, 1939, she refused to be sworn or to testify upon the ground that the action had been dismissed. She was then cited to appear before the respondent court to show cause why she should not be ordered to give her deposition. Upon the hearing of the order to show cause, the respondent court ruled that, "The proposed order is refused because the case has been dismissed, and the judgment pursuant to the order of dismissal is now pending on appeal, and that the taking of such deposition should be deferred until the determination of said appeal, for the convenience of the parties and in the interests of justice." It will be noted that the respondent court did not refuse unreservedly to compel the witness to give her deposition but only declared "that the taking of such deposition should be deferred until the deter-

mination of said appeal". Following said ruling by the respondent court, petitioner commenced this proceeding.

Petitioner contends that a party has an "absolute right" to take the deposition of an adverse party "at any time after the service of summons or appearance of the defendant" (Code Civ. Proc., sec. 2021); that such "absolute right" continues through the entire time that the action is pending (Code Civ. Proc., sec. 1049; *San Francisco Gas & Electric Co.* v. *Superior Court,* 155 Cal. 30 [99 Pac. 359, 17 Ann. Cas. 933]); and that the trial court has no discretion whatever in controlling the exercise of such right. In clarifying his position in his petition for rehearing herein he states, "This presents the question of whether or not petitioner had the *immediate, absolute* right to the deposition order, the reverse aspect of which is,—was the trial court empowered to impose such conditional delay?"

Our review of the authorities cited by the parties leads us to the conclusion that the contentions of petitioner are too broad and that they therefore may not be sustained. A careful reading of the cited cases shows that many of them dealt solely with the question of the jurisdiction of the trial court to enforce the right to take the deposition of a witness. In such cases as *Burns* v. *Superior Court,* 140 Cal. 1 [73 Pac. 597], *Pollack* v. *Superior Court,* 197 Cal. 389 [240 Pac. 1006], and *Paddon* v. *Superior Court,* 65 Cal. App. 34 [223 Pac. 91], the orders of the trial courts enforcing the right were affirmed in proceedings in *certiorari* while in *Most* v. *Superior Court,* 25 Cal. App. (2d) 394 [77 Pac. (2d) 532], *Rossbach* v. *Superior Court,* 43 Cal. App. 729 [185 Pac. 879], *Kibele* v. *Superior Court,* 17 Cal. App. 720 [121 Pac. 412], and *Lamphrey* v. *Superior Court,* 8 Cal. App. 80 [96 Pac. 389], petitions for writs of prohibition to prevent the trial courts from enforcing the right were denied. It is entirely clear that such cases are not in point for in each of said cases the trial court had acted or was threatening to act in the enforcement of the right and its jurisdiction to do so was challenged in proceedings in *certiorari* or prohibition. This is a proceeding in *mandamus* seeking to compel the trial court to order the witness to give her deposition immediately and the precise question here is whether the trial court, in the exercise of its admitted jurisdiction, had the power to exercise a reasonable control over the proceedings. Stated in another

way, the question is whether the trial court could exercise its discretion and defer the taking of the deposition, under the circumstances presented, until after the appeal had been determined. Two cases which are closely in point on this precise question are *Patrick Farms, Inc.,* v. *Superior Court,* 13 Cal. App. (2d) 424 [56 Pac. (2d) 1283], and *Bar Association* v. *Superior Court,* 64 Cal. App. 590 [222 Pac. 185].

In *Patrick Farms, Inc.,* v. *Superior Court, supra,* the trial court determined that, under the circumstances there presented, the motion for the issuance of a commission to take a deposition of a certain witness at a distant point should not be granted until the question of plaintiff's right to an accounting had been first determined. A petition for a writ of mandate to compel the respondent court to issue the commission was denied. It was there said at page 425, "While ordinarily a party is entitled to the issuance of a commission as a matter of right at any time after the service of summons or the appearance of the defendant (Code Civ. Proc., sec. 2020; *San Francisco Gas & Electric Co.* v. *Superior Court, supra*), the exercise of that right is subject to a reasonable control by the trial court. (*Levin* v. *Superior Court,* 139 Cal. App. 693 [34 Pac. (2d) 832]; *Bar Association* v. *Superior Court, supra.*) In other words, we believe that the authorities last cited clearly indicate that the trial court is not compelled under all circumstances to order the issuance of the commission at any time that a request is made therefor after the service of summons or appearance of the defendant, and that the trial court may exercise its discretion and refuse the issuance thereof under certain circumstances. Therefore the action of a trial court in refusing to issue a commission should not be disturbed in the absence of a showing of an abuse of discretion in the particular case."

In *Bar Association* v. *Superior Court, supra,* the trial court continued the taking of a deposition upon a showing of the illness of a party. Petitioner sought annulment of the order of continuance claiming "the absolute right to have said deposition taken at the time and place fixed in its notice of motion to take the same, and that there is no authority vested in the respondent to vary said procedure by extending the time or fixing a different date on which said deposition should be taken". It was there admitted by all parties that the precise question had not been previously presented to the

appellate courts of this state. The court affirmed the order of the trial court continuing the deposition holding, upon the authority of *Burns* v. *Superior Court,* 140 Cal. 1 [73 Pac. 597], that the taking of a deposition is one of the proceedings of the court, subject to the control of the court in the exercise of a ''legal discretion'' in the same manner as other proceedings of the court. It further held that although the party had no absolute right to be present at the taking of the deposition, the trial court did not abuse its discretion in ordering the continuance to permit such party's presence.

While the writ of mandate was issued in *Levin* v. *Superior Court, supra,* to compel the issuance of a commission, the court there recognized, at page 695, the right of the trial court to exercise its discretion and to refuse to order the issuance of a commission under certain circumstances. It was there said, ''Although the code provisions include all of the time from the service of summons until final determination of a suit, and in general the issuance of the commission is a matter of right, as applied to a particular case this must be taken with such qualification as the facts of such case may demand.''

There is nothing novel in the concept that a trial court has the power to exercise a reasonable control over all proceedings connected with the litigation before it. Such power necessarily exists as one of the inherent powers of the court and such power should be exercised by the courts in order to insure the orderly administration of justice. We find nothing in the code sections relating to the taking of depositions which can be construed as an attempt to withdraw that power with respect to deposition proceedings. It is true that the language of section 2021 of the Code of Civil Procedure permits the taking of a deposition ''at any time'' and that the permissive language of said section may be said to confer a right upon the litigants. But such right is not an absolute right but is a right which, like all rights relating to procedural matters, is qualified by the existence of the power of the court to exercise a reasonable control over the exercise of such right. To deny the existence of such power is to deny the power of the trial court to order the continuance of a deposition in case of the illness of the witness or in case of the illness or the death of a party or his counsel. We do not believe that it would be seriously contended that the

power to order a continuance does not exist under such circumstances; and if the power does exist under such circumstances, it may exist under other circumstances for its existence in the suggested cases must necessarily be based upon the power of the court to exercise a reasonable control over the proceedings. ▆ If, in any case, the trial court acts unreasonably or in such manner as to deny the right rather than to exercise merely a reasonable control over the exercise of the right, then the trial court would be acting beyond its powers and its actions would be controlled by *mandamus* or other appropriate remedy.

We believe that the authorities relied upon by petitioner are all distinguishable. We have pointed out above that those authorities dealing with purely jurisdictional questions in *certiorari* and prohibition proceedings and affirming the jurisdiction and power of the trial court to enforce the deposition right are not in point here. The main authority relied upon by petitioner, involving a *mandamus* proceeding is *San Francisco Gas & Electric Co.* v. *Superior Court, supra.* It is entirely clear from a reading of the decision, and particularly pages 32 and 33 thereof, that the sole ground upon which the respondent court there denied the application for the issuance of the commission was that it was of the opinion that it had no jurisdiction to order the issuance thereof while the cause was on appeal. It was not suggested by the respondent court there that it had denied the application in the exercise of its discretion for the obvious reason that, assuming that jurisdiction existed, it would have constituted a clear abuse of discretion to deny the issuance of the application under the circumstances. The witness whose deposition was there sought was the only witness who could prove petitioner's defense upon a possible retrial and said witness was under sentence of death and was to be executed within a short time. Under such circumstances, the refusal to issue the commission constituted a complete denial of the right to take the deposition of said witness and therefore constituted a clear abuse of discretion. The passing reference to the absence of discretion in the trial court, found on page 39 of the opinion, was made only with respect to the propriety of the writ of mandate as a remedy. The court there no doubt had in mind the familiar rule that the writ of mandate will not issue ordinarily to control the exercise of discretion by one in whom the law

reposes such discretion (16 Cal. Jur., p. 809), but that rule is qualified in that, "An abuse of discretion, however, is not the exercise of discretion, but is action beyond the limits of discretion, and it is settled that the writ will issue to correct such abuse if the facts otherwise justify its issuance." (16 Cal. Jur., pp. 810 and 811.) The law on the availability of the writ of mandate as a remedy was clarified shortly after the decision in the case under discussion. In *Matter of Ford,* 160 Cal. 334 [116 Pac. 757, Ann. Cas. 1912D, 1267, 35 L. R. A. (N. S.) 882], this court expressly disapproved its former ruling in *Strong* v. *Grant,* 99 Cal. 100 [33 Pac. 733], and declared that the writ of mandate would issue to correct an abuse of discretion. (See, also, *Inglin* v. *Hoppin,* 156 Cal. 483, 491 [105 Pac. 582].) We are therefore of the view that said reference to the absence of discretion in *San Francisco Gas & Elec. Co.* v. *Superior Court, supra,* was not necessary to the decision as the court there might well have stated that the remedy by writ of mandate was available as the facts showed a clear abuse of discretion. The same may be said regarding any reference to the absence of discretion found in the other authorities relied upon by petitioner.

Other cases, involving *mandamus* proceedings and relied upon by petitioner, are *Crocker* v. *Conrey,* 140 Cal. 213 [73 Pac. 1006], *Scott* v. *Shields,* 8 Cal. App. 12 [96 Pac. 385], *Wissman* v. *Cabaniss,* 34 Cal. App. 487 [168 Pac. 150], and *Austin* v. *Turrentine,* 30 Cal. App. (2d) 750 [87 Pac. (2d) 72, 88 Pac. (2d) 178]. These cases are likewise distinguishable. In *Crocker* v. *Conrey, supra,* it appears that respondent refused to act upon the "sole ground" of lack of "power or jurisdiction to compel the defendant to answer". (See page 214.) In *Scott* v. *Shields, supra,* the respondent refused to act on the "sole ground" that he "had no jurisdiction to make an order requiring the said witness to complete his deposition". (See pp. 13 and 14.) In *Wissman* v. *Cabaniss, supra,* the respondent refused to act upon the erroneous assumption that all questions concerning the property rights of the parties had been determined in a former action. In *Austin* v. *Turrentine, supra,* the witness had been examined at length on various matters on the taking of his deposition but he refused to produce certain books and records. The trial court refused to order their production on the ground "that it did not have jurisdiction so to do".

(See p. 759.) In the *mandamus* proceeding, the court held that the trial court had jurisdiction and that it should have required the production of such books and records. In each of these cases last mentioned, there was an unqualified and unjustified refusal to act upon the part of the trial court and therefore an abuse of discretion. None of said cases involved an order of the trial court which merely temporarily delayed the exercise of thê right to take the deposition. In other words, the trial court's action in each of said cases amounted to a denial of the right rather than a reasonable control over the exercise of the right.

From what has been said, we conclude that both reason and authority support the view that the trial court here had the power to exercise a reasonable control over the deposition proceedings. The question remains as to whether the trial court merely exercised such reasonable control or whether it acted unreasonably and in such manner as to constitute an abuse of discretion in ordering that the taking of the deposition should be deferred until after the appeal from the judgment of dismissal had been determined.

The petition herein shows that petitioner claims the right to take the deposition of Gertrude Temple upon the ground that she is a defendant in the action and is ''a material witness''. This showing is ample to establish the right, qualified as above indicated, but there are other factors to be considered in determining whether the trial court merely exercised a reasonable control over the exercise of the right. It appears that the action had been pending over two and one-half years before petitioner sought the aid of the court for the purpose of obtaining the deposition of said witness; that he did not seek the issuance of a subpoena until after the service of the notice of motion to dismiss said action; and that the action had been dismissed at the time that the witness appeared before the notary. There is no showing here that said witness was the only witness who could testify to a material fact or that said witness was aged, infirm or about to leave the jurisdiction. In short, there is no showing made to this court, nor does it appear that there was any showing made to the trial court, that there is any likelihood that a reasonable delay in the taking of the deposition will result in denying to petitioner the right to take the deposition of the witness prior to any trial that may be had in the event of a

reversal of the judgment of dismissal. Under these circumstances we believe that the trial court merely exercised a reasonable control over the proceedings in refusing to compel the giving of the deposition forthwith and that it did not act unreasonably or in such manner as to constitute an abuse of its discretion.

The petition for a peremptory writ of mandate is therefore denied.

Shenk, J., Houser, J., McComb, J., *pro tem.*, and Curtis, J., concurred.

CARTER, J., Dissenting.—I dissent.

As I understand the opinion approved by a majority of this court, the petitioner had the right to take the deposition of defendant Gertrude Temple, notwithstanding a judgment of dismissal had been entered in the action in which the deposition was sought to be taken and an appeal had been taken from said judgment, but the majority opinion appears to hold that the defendant was justified in refusing to answer questions propounded to her on the taking of said deposition, and the trial judge was justified in refusing an order to petitioner directing said defendant to answer said questions upon the ground that the deposition might be taken at a later date.

In my opinion, the trial judge had no discretion in this matter, and it was his plain duty to make the order requested by petitioner directing the witness to answer any questions which might be propounded to her on the taking of her deposition which were germane to the issues in the case. This view is clearly in accord with the provisions of the Code of Civil Procedure authorizing the taking of depositions, and with all of the cases on the subject, with the exception of *Patrick Farms, Inc.,* v. *Superior Court,* 13 Cal. App. (2d) 424 [56 Pac. (2d) 1283]. The case just cited is contrary to all of the other cases dealing with the subject, and in my opinion the rule announced therein is unsound and should not be followed.

I think it is obvious that section 2021 of the Code of Civil Procedure confers upon a litigant an absolute right to take depositions in the cases provided for therein. By the express provisions of this section such depositions may be taken

*"at any time after the service of summons or the appearance of the defendant"*, which has been construed to mean *at any time before the judgment becomes final*. (*San Francisco Gas & Elec. Co.* v. *Superior Court*, 155 Cal. 30 [99 Pac. 359, 17 Ann. Cas. 933].) No discretion is conferred upon a trial court to determine when a litigant may take a deposition, and it is a matter over which the trial court has no control whatever, except to use the process of the court to enforce the provisions of the code when necessary to aid the party who is seeking to obtain the deposition.

It is well recognized by trial lawyers that the taking of depositions long prior to the time when they are to be used is essential to the proper and successful handling of cases, and the legislature in its wisdom saw fit to confer upon litigants the absolute right to take depositions *at any time they see fit after the service of summons or the appearance of the defendant in pending actions.*

The effect of the decision of the District Court of Appeal in the case of *Patrick Farms, Inc.*, v. *Superior Court, supra,* and the majority opinion of this court in the case at bar, is to confer upon a trial court the power to specify the time when a litigant may take a deposition in certain cases, or stating it another way, to require a litigant to defer the taking of a deposition to a time when it appears to a trial court reasonable and proper that such deposition be taken. In other words, these decisions interpret section 2021 of the Code of Civil Procedure to read: "The testimony of a witness in this State may be taken by deposition in an action at any time after service of the summons or the appearance of the defendant, *except in cases where a trial court for good cause shown shall otherwise specify"*. (Italicized portion added.) These decisions amount to nothing less than judicial legislation. They read an exception into section 2021 of the Code of Civil Procedure which is not there and which should not be there.

A litigant should not be subjected to the uncertainty of a discretionary ruling of a trial judge every time he attempts to procure evidence by deposition which the litigant thinks is essential to the proper preparation or presentation of his case.

The administration of justice is already so cumbersome and burdensome that poor litigants have great difficulty in meeting the requirements now imposed upon them in the presenta-

tion of their cases to our courts, and if we are to lay down a rule which will enable one who desires to conceal and suppress evidence to successfully resist the taking of his deposition by the refusal of a trial judge to exercise his discretion in favor of the taking of such deposition, we are increasing such burden without in any way improving the administration of justice. In fact, the administration of justice is usually aided by requiring full disclosure of all facts within the knowledge of either party to the litigation. Furthermore, it quite often happens, and it has been approved as proper legal procedure, that depositions may be taken to determine whether it is advisable to further prosecute an action, either from the standpoint of whether the party seeking to take the deposition can prevail in the action, or can satisfy any judgment which he might recover if he does prevail. (*Demaree* v. *Superior Court,* 10 Cal. (2d) 99 [73 Pac. (2d) 605].)

To say that the effect of the majority opinion in the case at bar does not deny a litigant his statutory right to take a deposition ''at any time after service of the summons or the appearance of the defendant'' is to disregard the inevitable consequences of long delays in securing evidence. It may be that if and when the judgment of dismissal in the case at bar is reversed, Gertrude Temple may be deceased, or out of the jurisdiction where it would be extremely difficult or even impossible to secure her deposition. The fact that the case involves an accounting and that the plaintiff's right to an accounting must be first determined before an accounting can be ordered, does not change the situation. If such a rule is to be invoked, then in every case where certain issues must be determined before evidence can be offered relating to other issues in the case, a litigant would be barred from taking depositions relating to any subject matter except the preliminary issues until after such issues were determined; in other words, in a case in eminent domain, a litigant would be barred from taking the deposition of a witness on the issue of damages until after the issue of necessity had been determined, and in a personal injury case a litigant would be barred from taking a deposition relating to the nature and extent of the injuries suffered by the plaintiff until the issue of liability was determined. A complete answer to the reasoning advanced in the majority opinion in the case at bar

and in the opinion in the case of *Patrick Farms, Inc.,* v. *Superior Court, supra,* is that no power, authority, or discretion is conferred upon the trial court to limit or restrict the right of a litigant to the taking of depositions relating to any issue in an action until some other issue is determined and since the right to take a deposition in this state is purely statutory, the litigants should be permitted to exercise the right conferred upon them by statute without being hampered by restrictions imposed by the court in derogation of express statutory authority.

It has been repeatedly held that when a litigant follows the procedure provided for in the Code of Civil Procedure for the taking of a deposition and the witness refuses to answer proper questions propounded to him on the taking of his deposition, and such refusal is certified to a judge of the superior court, such judge has no discretion to refuse to exercise the powers which the law has invested in him so far as necessary to secure to the litigant the right which the law confers upon him to take the deposition of a witness. (9 Cal. Jur., p. 403, sec. 8; p. 407, sec. 10; *Burns* v. *Superior Court,* 140 Cal. 1 [73 Pac. 597]; *Crocker* v. *Conrey,* 140 Cal. 213, 218 [73 Pac. 1006]; *Scott* v. *Shields,* 8 Cal. App. 12 [96 Pac. 385]; *San Francisco Gas & Elec. Co.* v. *Superior Court,* 155 Cal. 30 [99 Pac. 359, 17 Ann. Cas. 933]; *Kibele* v. *Superior Court,* 17 Cal. App. 720 [121 Pac. 412]; *Rossbach* v. *Superior Court,* 43 Cal. App. 729 [185 Pac. 879].)

The majority opinion attempts to distinguish the case at bar from the case of *San Francisco Gas & Elec. Co.* v. *Superior Court, supra,* upon the assumption that in that case the trial court had refused to issue the commission for the taking of the deposition upon the ground that it had no jurisdiction to do so, instead of holding that in the exercise of its discretion it was not a proper case for the issuance of such commission. I do not believe that the opinion in the case of *San Francisco Gas & Elec. Co.* v. *Superior Court, supra,* is susceptible of such an interpretation, as in that case the court stated in its opinion that since the proceeding had been instituted for the taking of the deposition of Harry Orchard, his sentence had been commuted to life imprisonment, and therefore the immediate necessity for the taking of his deposition was obviated. But, notwithstanding this circumstance, this court in that case issued a writ of mandate directing the

trial court to forthwith issue a commission for the taking of Orchard's deposition pending the determination on appeal of the case in which the deposition was to be used. In other words, the effect of the decision of this court in the case of *San Francisco Gas & Elec. Co.* v. *Superior Court, supra,* is that the trial court had no discretion to deny a litigant the right to take a deposition in a case pending on appeal.

It seems obvious to me that it should be immaterial whether the trial court denies a litigant the right to procure a deposition in a case which is pending on appeal because it is of the opinion that it has no jurisdiction to require the witness to submit to the taking of his deposition during such time, or that the ends of justice will be promoted by delaying the taking of the deposition until the case is decided on appeal. The effect of the ruling is the same. And if we are to hold that a trial court can in its discretion defer the taking of a deposition while a certain case is pending on appeal, it must necessarily follow that such right can be denied in any case. To hold otherwise would be to confer upon a trial court the power to pass upon the merits of a case while it is pending on appeal in the Supreme or Appellate Court.

All the superior court decided in the case at bar was that the petitioner was not entitled to the order requested because the case in which he sought to take a deposition had been dismissed and the taking of such deposition should be deferred until the determination of the appeal from the order of dismissal. This, in effect, is all that the superior court had decided in the case of *San Francisco Gas & Elec. Co.* v. *Superior Court, supra,* and in all of the other cases cited herein or in the majority opinion, except the case of *Patrick Farms, Inc.,* v. *Superior Court, supra.* In other words, if the granting of such an order was within the discretion of the trial court in the case at bar, it would likewise be within the discretion of the trial court in every other case in which a litigant sought to take the deposition of a witness while a case is pending on appeal.

The majority opinion holds that the right to take a deposition under the provisions of section 2021 of the Code of Civil Procedure is not an absolute right, but is qualified by the existence of the power of the court to exercise a reasonable control over the exercise of such right, and that such a power necessarily exists as one of the inherent powers of

the court in the orderly administration of justice. The fallacy of this holding, as applied to the case at bar, is that, while it is conceded that petitioner has the right under the above-mentioned section of the Code of Civil Procedure to take the deposition of the defendant pending the appeal from the order of dismissal, the trial court has denied him that right for no other reason than that the case has been dismissed. Such control by the trial court amounts to an arbitrary denial of the statutory right granted to every litigant. The majority opinion states: ''To deny the existence of such power is to deny the power of the trial court to order the continuance of a deposition in case of the illness of the witness or in case of the illness or the death of a party or of his counsel.'' In making the foregoing statement, the author of the opinion has apparently overlooked the proposition that before a penalty of any sort can be imposed upon a witness for his failure to respond to a subpoena or submit to the taking of his deposition, he must be cited for contempt of court, and upon the hearing of such citation, the court can purge him of the charge of contempt on such conditions as the court may see fit to impose. In other words, if the witness had justifiable excuse for failing to submit to the taking of his deposition, the court would clearly have the power to exculpate him from any charge arising out of such failure. This is quite a different matter than refusing to require a witness to submit to the taking of his deposition when his only request is that the taking of his deposition be delayed until the case is disposed of on appeal.

In my opinion a proceeding for the taking of a deposition is not a proceeding within the control of the trial court in the sense that it is administered by such court and is therefore subject to its discretionary power. For instance, the court has no power to specify the officer before whom or the place where a deposition shall be taken; neither has the court control over the form of the questions or the order or manner in which they shall be propounded to the witness. If the witness refuses to answer the questions propounded to him or produce documents which the party taking the deposition is entitled to have answered or produced, the trial court may be called upon to require the witness to respond, but in so doing the court is not exercising a discretion, but is simply

ruling on questions of law, which rulings are subject to review by an appellate court.

In my opinion, there is no basis whatever for the contention that a trial court should be invested with a discretion which it might exercise to relieve a witness from giving his deposition because the action in which the deposition is taken may not be brought to trial for an indefinite time, or may never be brought to trial, as no such discretion is provided for in our statutes.

It is obvious that the legislature did not see fit to include in the statutory provisions authorizing the taking of depositions, a safeguard against a litigant abusing the privilege thus granted, as the expense to which a litigant is subjected in the taking of a deposition is a sufficient deterrent to restrain the use of the privilege for mere personal gratification. This thought is clearly expressed by Chief Justice Beatty in the case of *San Francisco Gas & Elec. Co.* v. *Superior Court, supra.* At page 37 of the opinion in that case, he said: "The only substantial argument against this construction of the statute is that it enables a contentious litigant to subject the successful party to an action to great and unnecessary expense in the taking of depositions pending a frivolous appeal. This objection, however, does not seem to have been deemed by the Legislature sufficiently grave to prevent the enactment of a statute which easily admits of the same abuses, even when restricted in its application to pending issues, and to controversies which may never reach an issue. There seems also to be less reason to apprehend the inconveniences suggested when it is remembered that the party taking depositions in a case like this must pay the costs of the proceeding without hope of recovering them back except in the event of a reversal of the judgment or order, and not then unless the final judgment is in his favor. Moreover, the respondent may, in case of an appeal manifestly frivolous, ignore the whole proceeding to take new depositions, or if he deems it unsafe to omit the employment of counsel to attend and cross-examine, he may invoke the power of this court to impose an adequate penalty, on affirmance of the judgment, to recompense him for the unnecessary expense to which he has been subjected in consequence of a frivolous appeal. In view of these considerations it is not

to be feared that a liberal construction of the code provisions in question will result in serious abuses."

Furthermore, the 1939 legislature added section 1032a to the Code of Civil Procedure, which provides that the prevailing party may recover as costs, any expenditures he is required to make for a copy of any depositions taken in an action, which furnishes an added deterrent against a litigant resorting to the practice of taking depositions which are not necessary for the proper presentation of his case.

The majority opinion appears to confuse the procedure taken by petitioner in the case at bar with a contempt citation against the witness. In this, it is clearly erroneous, as the order prayed for in the trial court was that the witness be directed to give her deposition. If she thereafter refused to appear and be sworn, or give her deposition, and she was cited to show cause why she should not be punished for contempt of court for such failure, she would then have the right to present such defense as might be available to her, such as illness, or the necessity that she be at some other place at the time she was directed to submit to the taking of her deposition. On the hearing of such citation, of course, the trial court would have discretion to determine whether or not she was guilty of contempt of court, but such is not the situation in the case at bar. In my opinion, the witness furnished no justifiable excuse for her refusal to give her deposition, and it was the unquestionable duty of the trial judge to make an order directing her to submit to the taking of her deposition or be adjudged guilty of contempt of court.

In view of what I have stated above, the petitioner is clearly entitled to a writ of mandate and a peremptory writ should issue forthwith.

EDMONDS, J., Dissenting.—I agree that a party litigant does not have an absolute right to take the deposition of a witness at the particular time and place which he specifies, and that the trial judge may exercise a reasonable control over such proceedings. But this discretion must be reasonably exercised, and the court may not arbitrarily postpone the taking of a deposition.

The order here challenged expressly recites that the taking of the defendant's deposition was postponed because the case against her had then been dismissed and an appeal from

the judgment based upon that order was pending. There was, therefore, as I read the record, no exercise of discretion but the denial of the right to take testimony until ''the determination of said appeal''. The fact that this was said to be ''for the convenience of the parties and in the interests of justice'' does not change the situation because the defendant relied entirely upon the fact that the appeal was pending as the ground for her demand for a postponement. Under these circumstances the case falls squarely within the rule stated in *San Francisco Gas & Elec. Co.* v. *Superior Court*, 155 Cal. 30 [99 Pac. 359, 17 Ann. Cas. 933], and the peremptory writ of mandate should issue.