**THE PEOPLE OF THE TERRITORY OF GUAM,**
Plaintiff-Appellee

v.

**ALLAN FLORES, Defendant-Appellant**

Criminal No. 76-003-A

District Court of Guam

Appellate Division

January 24, 1978

Before DUENAS, SMITH and WONG, *District Judges*

PER CURIAM

OPINION

On July 25, 1975, the defendant, Allan Flores, was indicted by the local grand jury for delivering a quantity of marijuana (a controlled substance) in violation of § 626.10 of the Guam Penal Code. On December 12, 1975, the defendant was convicted as charged in the indictment.

■ Defendant's first contention that there was insufficient evidence to support the verdict is without merit.

■ Defendant next argues that the trial court gave an erroneous jury instruction regarding entrapment. The trial court gave a proper instruction on the theory of entrapment (taken from CAL–JIC 4.60). (RT 178.) It is true that the trial court failed to take the language of an additional instruction verbatim from CAL–JIC 4.61 (dealing with whether furnishing the opportunity to commit a crime is entrapment). However, the court on appeal is satisfied that the trial judge accurately stated the law and therefore the jury could not have been confused by this. If defendant had any objection to the entrapment instruction, he should have made it at trial.

■ Defendant also urges that certain hearsay statements should have been excluded, but he made no objection to these statements at trial. Clearly, a proper objection must have been made at trial. Witkin, California Evidence 2d 1207, *People v. Moore*, 91 CR 538, 13 Cal.App.2d 424 (1970).

■ Finally, defendant was brought to trial within five months after he was indicted. The record does not show that any prejudice resulted from this delay. Under these circumstances the delay is not of constitutional proportion and does not warrant reversal. Affirmed.